**Robert Shelton JAGGARD and Marybeth Jaggard, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 78–1370.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1978.

Decided Sept. 8, 1978.

Robert S. Jaggard and Marybeth Jaggard, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Crombie J. D. Garrett and Richard D. Buik, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Robert Shelton Jaggard appeals from a decision of the Tax Court holding him liable for self-employment taxes in the amount of $1,042.80.[1] Jaggard is a self-employed physician. Although he earned $13,200 of self-employment income in 1974 he paid no self-employment tax. On his 1974 income tax return Jaggard claimed a "religious exemption" from the tax on self-employment income.[2] On appeal he argues that he is

1. Marybeth Jaggard, wife of Robert Shelton Jaggard, is a party to this appeal solely by virtue of having filed a joint return for the taxable year in issue.

2. Jaggard requested an application for exemption from self-employment taxes, Form 4029, from the Internal Revenue Service, but received no response. Jaggard, however, received a copy of Form 4029 from another individual. He failed to file this form because he considered it to be unconstitutional.

entitled to an exemption from the self-employment tax under 26 U.S.C. § 1402(g).[3]

Section 1402(g) exempts members of certain religious faiths from payment of the tax if the Secretary of Health, Education and Welfare finds that the religious faith opposes acceptance of the benefits of any private or public insurance as an established tenet; that it reasonably provides for its dependent members; and that it has been in existence at all times since December 31, 1950. Jaggard concedes that he is not a member of a "recognized religious sect" within the meaning of § 1402(g). He contends, however, that the exemption, because it is based in part on such membership, violates the establishment clause of the First Amendment. He argues that since this requirement is invalid, the exemption should be available to all individuals who, like himself, conscientiously oppose acceptance of the benefits of public insurance and who are members of a group which makes provision for its dependent members.

Jaggard's argument has been previously considered and rejected by the Tax Court. *Henson v. Commissioner*, 66 T.C. 835, 840 (1976); *Palmer v. Commissioner*, 52 T.C. 310, 314–15 (1969). These cases hold that the purpose of § 1402(g) is neither the advancement nor the inhibition of religion. It represents a congressional attempt to accommodate sincerely held religious beliefs against private and public insurance programs consistent with the overall welfare purpose of the Social Security Act. Congress could reasonably conclude that individuals on their own could not be relied upon to provide for themselves in the event of dependency, but that members of a religious sect who share these views would provide for dependent members. Although in any legislative accommodation of religion there is an inherent balancing of interest, the balance struck here was a constitutionally permissible one. We find the reasoning of these opinions to be dispositive of the issue. *Cf. Wisconsin v. Yoder*, 406 U.S. 205,

222 & n. 11, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).

The decision of the Tax Court is affirmed.

---

**3.** Prior to the Tax Reform Act of 1976, 26 U.S.C. § 1402(g) was designated 26 U.S.C. § 1402(h).