PATRICK A. TRAVIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Travis v. Commissioner
Docket No. 8429-77.
United States Tax Court
T.C. Memo 1979-483; 1979 Tax Ct. Memo LEXIS 47; 39 T.C.M. (CCH) 619; T.C.M. (RIA) 79483; December 3, 1979, Filed *47 Petitioner, a devout Seventh-Day Adventist, filed twice for exemption from self-employment taxes imposed on his dentistry income by sections 1401 and 1402, I.R.C. 1954. Both applications were denied as not qualified under section 1402(g). Petitioner claims denial of his exemption application, while granting others, deprives him of his rights of religion and equal protection guaranteed under the First and Fifth Amendments to the Constitution. Held, the provisions of sections 1401 and 1402 do not deny petitioner his Constitutional rights. Palmer v. Commissioner, 52 T.C. 310 (1969), and Henson v. Commissioner, 66 T.C. 835 (1976) followed. Patrick A. Travis, pro se. Mark W. Nickerson, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined a deficiency of $1,113.90 in petitioner's Federal income taxes for the taxable year 1975, as set forth in his statutory notice of deficiency dated July 22, 1977. This case was originally tried before Judge Theodore Tannenwald, Jr., in Atlanta, Georgia on June 26, 1978. However, petitioner raised a new issue at that trial, claiming that he met the statutory requirements for exemption from self-employment *48 tax under section 1402(g). [1] Since neither side was prepared to present evidence on this new issue, the case was continued generally. This new issue was eliminated by the parties in their amended stipulation of facts submitted at the second trial in this case, which was before Judge J. GregoryBruce on June 26, 1979. Therefore, whether petitioner meets the statutory requirements of section 1402(g) is no longer an issue before this Court. The only issue presented for our decision is whether the self-employment tax and the limitatons upon exemption from that tax under section 1402(e) and (g) deny petitioner his constitutional rights guaranteed by the First and Fifth Amendments. Apparently the facts are fully presented by the amended stipulation of facts and are not contested by the parties. In pertinent part, those facts are summarized below as our findings. FINDINGS OF FACT Petitioner, Patrick A. Travis, was a legal resident of Georgia when the petition and amended petition herein were filed and when he, with his wife, timely filed his joint Federal income tax return for 1975 *49 with the Internal Revenue Service Center, Chamblee, Georgia. The return for 1975 shows that petitioner earned, net of deductible expenses, $20,950.87 from his dentistry practice, which began in 1973. The entire $20,950.87 was self-employment income for 1975. Under the provisions of section 1401 and 1402, petitioner was liable for self-employment taxes on that income, but did not pay any such taxes with his 1975 return. Petitioner, a devout Seventh Day Adventist, following the teachings of Ellen G. White, an officially recognized prophet of the Seventh Day Adventist Church, timely filed two Forms 4029 (Application for Exemption From Tax on Self-Employment Income and Waiver of Benefits). The first Form 4029 was filed on or about February 25, 1976, with the Internal Revenue Service (IRS). The IRS disapproved the Form 4029 by letter on October 5, 1976, stating that the Secretary of Health, Education and Welfare had determined [2] that the Seventh Day Adventists did not have the established tenets or teachings required under section 1402(h)(1)(C) [now 1402(g)(1)(C)] [3] and did not have a sufficient program for the care of its dependent members as required under section 1402(g)(1)(D). *50 Petitioner submitted a second Form 4029 on October 14, 1976, making certain alternations in the form language of the conscientious objection statement, which is taken verbatim from the statute. [4] *51 By a letter dated November 12, 1976, the IRS disapproved the second Form 4029, because the form alternations prevented qualification of petitioner's objection under section 1402(g)(1). The general conference of the Seventh Day Adventist Church has taken no official position either for or against participation by its members in the Social Security program, leaving the decision to the conscience of the individual member. The Church does pay its share of matching Social Security tax as an employer. While many ministers of the Church pay self-employment taxes and participate in the Social Security program many others do not. For example, the minister of petitioner's local church has an exemption from self-employment taxes under section 1402(e), by an approved Form 4361 (Application For Exemption From Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners). OPINION Petitioner contends that rejection of his application for exemption from self-employment taxes, while similar exemption is granted members of other religions and ministers of his own church holding similar objections *52 to Social Security programs, denies him the free exercise of religion guaranteed by the First Amendment and denies him the equal protection of the laws implicitly guaranteed in the due process clause of the Fifth Amendment. [5] To the contrary, respondent claims that the questions raised by petitioner have been answered, in respondent's favor, time and again in prior cases. We agree with respondent. The facts and arguments presented herein are strikingly similar to those in Palmer v. Commissioner, 52 T.C. 310 (1969). As here, a devout Seventh Day Adventist, following the teachings of Ellen White, sought to exempt his self-employment *53 income from his dentistry practice from the taxes imposed by sections 1401 and 1402 by claiming those sections to be in violation of the First and Fifth Amendments. In that opinion, and in several subsequent Memorandum Opinions, [6] we upheld the constitutionality of the statutes. The provisions of sections 1401 and 1402 do not constitute an unlawful encroachment upon the free exercise of the taxpayer's religion. Further, the restrictions of section 1402(g) were formulated within the authority of Congress to provide for the overall public welfare through the Social Security Act and are not so arbitrary that they deny petitioner due process of law. [7] *54 Petitioner's equal protection argument, professing the unconstitutionality of the existence of differing exemption provisions in sections 1402(e) and (g), was addressed by this Court in Henson v. Commissioner,66 T.C. 835 at 840 (1976), where we said: We find that the different requirements for exemption from tax provided for the different classifications under sections 1402(e) and (h) [now (g)] have a rational basis and do not arbitrarily deprived petitioner of her right to due process of law. [Citation omitted] Petitioner's attempt to distinguish the facts herein from those in Henson is futile. No significant difference exists. Petitioner's attempt to distinguish the facts herein from those in Palmer is ludicrous. The opinions of Henson and Palmer are directly on point and will be followed here. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The Secretary's determination was made April 26, 1966 and was still valid and effective as of the time of trial in this case. ↩
3. Section 1402(h) was redesignated section 1402(g) by section 1901 of the Tax Reform Act f 1976, P.L. 94-455. This amendment also changed the time for filing, but the substance of the subsection remained the same. ↩
4. The form language taken from a portion of section 1402(g)(1) reads as follows: I am conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). With petitioner's alternations, the language read as follows: I am conscientiously↩ opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, old-age or retirement or makes payments toward the cost of, or provides services for, the above.
5. U.S. Const. Amend. I: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; * * * Amend. V: No person shall be * * * deprived of life, liberty, or property, without due process of law; * * * Although the Fifth Amendment does not contain an equal protection clause, the more explicit concept of equal protection is included within the general concept of due process of law in the situation where discrimination is so unjustifiable as to be violative of due process. Bolling v. Sharpe, 347 U.S. 497↩ (1954).
6. Stoffels v. Commissioner,T.C. Memo 1979-295; Chapman v. Commissioner, T.C. Memo 1979-202; Ward v. Commissioner,T.C. Memo 1979-39; Schwartz v. Commissioner,T.C. Memo 1978-470; Jaggard v. Commissioner,T.C. Memo 1978-78, affirmed per curiam 582 F. 2d 1189 (C.A. 8, 1978), certiorari denied 440 U.S. 913 (1979); Hatcher v. Commissioner,T.C. Memo 1978-59; Lerner v. Commissioner,T.C. Memo 1975-60; Church v. Commissioner,T.C. Memo 1970-146; Randolph v. Commissioner,T.C. Memo 1969-289↩. 7. Congress has great latitude in formulating classifications within a taxing statute. Abney v. Campbell,206 F. 2d 836 (C.A. 5, 1953), certiorari denied 346 U.S. 924↩ (1954).