RICHARD F. WARNER AND BILLIE H. WARNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warner v. Commissioner
Docket No. 7779-78.
United States Tax Court
T.C. Memo 1980-540; 1980 Tax Ct. Memo LEXIS 50; 41 T.C.M. (CCH) 487; T.C.M. (RIA) 80540; December 4, 1980
Richard F. Warner and Billie H. Warner, pro se. Kristine A. Roth and Cindy Seikaly, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein.After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*52 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on April 30, 1980, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on April 19, 1978, determined a deficiency in their Federal income tax for the taxable calendar year 1975 in the amount of $1,113.90. The issues for decision are (1) whether petitioners are liable for the tax on self-employment income under section 1401 and 1402, Internal Revenue Code, [3] for the year 1975; (2) whether petitioners are exempt from self-employment tax under section 1402 on the basis of petitioner Richard F. Warner's belief that the social security system is economically unsound; and (3) whether section 1402 is unconstitutional in that it exempts from payment of self-employment tax those individuals whose religious beliefs as members of a recognized religious order forbid the payment to or acceptance of benefits from a fund such as the social security insurance administration. *53 The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency to petitioners on April 19, 1978.On July 5, 1978, Richard F. Warner (petitioner) filed an imperfect petition. Thereafter, and pursuant to Court order dated July 10, 1978, petitioners, on September 11, 1978, filed an amended petition, to which respondent timely filed an answer on November 1, 1978. When this case was called for trial at Cleveland, Ohio, on October 16, 1979, it was continued generally. Subsequently, on November 2, 1979, the parties filed a joint motion to file a stipulation of facts. That motion, which was accompanied by a stipulation of facts with attached exhibits, was granted by the Court on November 7, 1979, on which date the stipulation of facts was filed. The facts so stipulated are incorporated herein by this reference.Respondent's motion herein being considered, which was filed on April 30, 1980, had attached thereto an affidavit and exhibits. FINDINGS OF FACT Petitioners resided at 28999 Gates Mills Boulevard, *54 Cleveland, Ohio, on the date their petition was filed. They timely filed a joint 1975 Federal income tax return with the Internal Revenue Service Center at Cincinnati, Ohio. Throughout 1975 petitioner was self employed, and on their 1975 return petitioners reported a self-employment net profit of $20,182.08. Attached to that return was a Schedule SE, "Computation of Social Security Self-Employment Tax", wherein a self-employment tax for petitioner in the amount of $1,113.90 was reported, but not paid. That figure was crossed out and thereafter appeared an asterisk with the following statement: Exemption claimed on ground of conscientious opposition to acceptance of any public insurance benefits including those established by the Social Security Act. On or about July 9, 1977, petitioner filed an application for exemption from tax on self-employment income and waiver of benefits (hereinafter Form 4029) with the Internal Revenue Service. [4] That application was disapproved by the Internal Revenue Service on August 12, 1977, on which date by letter petitioner was notified by the Service that his application was disapproved as he did not meet the requirements for exemption under *55 section 1402(h)[5] in that, "You are not a member of any recognized religious group." No valid application for waiver of benefits and exemption from self-employment tax was filed by petitioners on or before the date for which a return was due for the first year for which petitioners had self-employment income. No such application was filed prior to the last day of the third month following the month in which the Secretary of the Treasury notified petitioners in writing for the first time that an application was not filed. Petitioners are not members and do not claim to be members of any recognized religious group, the established teachings of which oppose the receipt of benefits from public or private insurance which makes payments in the event of *56 death, disability, old age, or retirement, or makes payments toward the cost of, or provides services for, medical care. Petitioners' net earnings from self-employment income in 1975 exceeded $ 400 and are subject to the tax imposed by section 1401. OPINION Petitioners claim exemption from the tax on self-employment income on the basis of their conscientious objection to participation in either the benefits or the support of the Social Security Act, the provisions of which are economically unsound.Moreover, they contend that the provisions of section 1402(h) are unconstitutional in that they are violative of their rights under the First and Fourteenth Amendments of the U.S. Constitution. Section 1401 imposes a tax on "the self-employment income of every individual", as defined in section 1402. Section 1402(b) defines self-employment income as "the net earnings from self-employment derived by an individual * * * during any taxable year; * * *." Section 1402(a) defines net earnings from self-employment as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to *57 such trade or business, * * *." Petitioners do not maintain that they are not subject to self-employment tax on the basis that they received no self-employment income. Indeed, they cannot, as the record is clear that petitioner received net earnings from self employment of $ 20,182.08. Thus, by the clear terms of the statute, petitioners are liable for self-employment tax unless they can show they are exempt from the payment thereof. The law is well settled that the social security system is constitutional. Steward Machine Co. v. Davis, 301 U.S. 548 (1937); Helvering v. Davis, 301 U.S. 619 (1937). Self-employed individuals can be subjected to the tax supporting the social security system just as those considered to be employees are subjected to such tax. Cain v. United States, 211 F.2d 375, 377 (5th Cir. 1954), cert. denied 347 U.S. 1013 (1954). [6]
*58 We are mindful of petitioners' strong feelings and sincere beliefs in urging, in support of their position, that the social security system is economically unsound. However, those are political considerations to be properly addressed to the Congress and not to this Court. Petitioners' contention that the exemption from the self-employment tax provided by section 1402(h) to "members of certain religious faiths" is unconstitutional in that it conflicts with the establishment and free exercise clause of the First Amendment is simply without merit. in Henson v. Commissioner, 66 T.C. 835, 838 (1976), we stated: This Court has previously considered the arguments made herein by petitioner in William E. Palmer, 52 T.C. 310 (1969), and several subsequent Memorandum Opinions and has upheld the constitutionality of the statute.In Palmer we recognized that the Social Security Act had been held to be constitutional and went on to hold that this particular tax did not constitute an unlawful encroachment upon the free exercise of the taxpayer's religion. * * * [7] [Footnote omitted.] *59 Furthermore, a prerequisite to the granting of an application for exemption from self-employment tax is that the applicant be a member of a recognized religious sect or division thereof and an adherent of established tenets or teachings of such sect by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments towards the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). [8] Petitioners have stipulated they are not members of any such sect or division thereof. For that reason alone, they are not entitled to an exemption from self-employment tax. *60 Finally, in essence, petitioners argue that section 1402(h) violates their Fifth Amendment, due process, rights. [9] That argument is, likewise, without merit. The taxpayer in Henson v. Commissioner, supra, also contended that the separate exemptions provided in section 1402(e) violated her Fifth Amendment constitutional rights under section 1402(h). Citing the Supreme Court in Carmichael v. Southern Coal Co.,301 U.S. 495, 509 (1937), this Court stated in Henson v. Commissioner, supra at 840: It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions.* * * This Court has repeatedly held that inequalities which result from a singling out *61 of one particular class for taxation or exemption, infringe no constitutional limitation. * * * In Henson v. Commissioner, supra, we concluded by saying: We find that the different requirements for exemption from tax provided for the different classifications under sections 1402(e) and (h) have a rational basis and do not arbitrarily deprive petitioner of her right to due process of law. See Abney v. Campbell, 206 F.2d 836 (5th Cir. 1953), cert. denied 346 U.S. 924 (1954). Nor do they provide for "an establishment of religion" or interfere with petitioner's "free exercise" of her religion. See William E. Palmer, supra, and the Memorandum Opinions following Palmer cited in n.5. We observe that the exemption from self-employment tax provided by section 1402(h) is expressly conditioned on filing a proper application for exemption.Such application procedure is mandatory. See Devine v. Commissioner, T.C. Memo. 1980-511. It is clear that petitioners did not comply with those procedures, and any exemption from self-employment tax would fail on that ground, too. [10]
*62 The record is clear that there is no genuine issue as to any material fact. In such circumstances, Rule 121(b) permits this Court to render a decision as a matter of law. Since respondent has demonstrated that he is entitled to prevail as a matter of law, his motion for summary judgment filed on April 30, 1980, will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on June 18, 1980. Petitioners did not appear not did they file any response to respondent's motion herein under consideration, albeit a copy thereof and respondent's brief in support of his motion together with the notice of hearing were served on petitioners by the Court on May 5, 1980.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All statutory references herein are to the Internal Revenue Code of 1954, as amended, and in effect during the year at issue.↩
4. By letter dated January 7, 1977, the District Director at Cleveland, Ohio, in making arrangements for a conference with petitioners to discuss their 1975 return, advised them to bring to said conference an approved copy of their Form 4029 to verify their exemption from self-employment tax. ↩
5. Section 1402(h) was redesignated section 1402(g)↩ by the Tax Reform Act of 1976 for taxable years beginning after December 31, 1976.
6. The Court in Cain v. United States, 211 F.2d 375, 377 (5th Cir. 1954), stated: Congress can constitutionally, in imposing income taxes, distinguish between earned and unearned income and between income from various kinds of property and occupations, and has often done so. The imposition and collection of an additional income tax on the income of persons not self employed has been going on without contest or question for many years. We think it clear that persons receiving income from self employment can be subjected to additional income taxes on the moneys so received in the same way and to the same extent that persons not self employed can be and are being so subjected.↩
7. See Randolph v. Commissioner, 74 T.C. 284, 290 (1980); Jaggard v. Commissioner, 582 F.2d 1189 (8th Cir. 1978), affg. a Memorandum Opinion of this Court, cert. denied 440 U.S. 913 (1979); Edelson v. Commissioner, T.C. Memo. 1979-431; Stoffels v. Commissioner,T.C. Memo. 1979-295↩.
8. Section 1402(h) provides, in part: (h) MEMBERS OF CERTAIN RELIGIOUS FAITHS.-- (1) EXEMPTION.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary or his delegate may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver.↩
9. The Fourteenth Amendment's "equal protection" clause deals with state action and applies no restrictions to Congress, but certain similar restraints are embodied in the Fifth Amendment's "due process" clause. See Flint v. Stone Tracy Co.,220 U.S. 107 (1911); United States v. Foster, 309 F.2d 8 (4th Cir. 1962). See Bolling v. Sharpe, 347 U.S. 497↩ (1954).
10. See section 1402(h)(2)↩.