CYRIL STEVENSON, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stevenson v. Commissioner
Docket No. 11931-79.
United States Tax Court
T.C. Memo 1981-127; 1981 Tax Ct. Memo LEXIS 618; 41 T.C.M. (CCH) 1121; T.C.M. (RIA) 81127; March 19, 1981. Cyril Stevenson, Jr., pro se. Gerald J. Beaudoin, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in the joint Federal income tax of Elizabeth Stevenson and Cyril Stevenson, Jr. (petitioner), in the amount of $ 467 for calendar year 1976. The issue for decision is whether petitioner is liable for self-employment tax imposed by section 1401, I.R.C. 1954, [1] for the tax year ending December 31, 1976. *619 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Cyril Stevenson, Jr., who resided in Sacramento, California, at the time of filing his petition in this case, filed a joint Federal income tax return with his wife for calendar year 1976 with the Internal Revenue Service Center, Fresno, California. [2]
Petitioner was a self-employed real estate broker in Sacramento, California during the year 1976. In that year he derived self-employment net income of $ 7,715.08 from his business. None of petitioner's earnings were subject to F.I.C.A. tax. On October 1, 1977, petitioner was transferred to the Retired Reserve of the United States Marine Corps without pay or allowances and with the rank of Major. Prior to being transferred to the Retired Reserve, petitioner had completed 23 years, 10 months, and 1 day of military service and had accrued a total of 5,058 points creditable for the computation of retirement pay when he reached his 60th birthday. As of July 1, 1980, petitioner was 56 years old. Petitioner did not compute or pay any self-employment tax on his 1976 return. *620 In making the adjustment to petitioner's income tax return, respondent stated: Net earnings from self-employment in excess of $ 400 are subject to self-employment (Social Security) tax. This tax has been computed on your net earnings from self-employment of $ 7,715.08 (Schedule C net profit) at a rate of 7.9% (Section 1401, IRC). These adjustments will be reported to the Social Security administration. OPINION The parties do not dispute the amount of self-employment income earned by petitioner from his business in 1976. The dispute is based upon petitioner's contention that the self-employment tax violates the equal protection clause of the Fourteenth Amendment to the United States Constitution in that section 1402(e) and (g) grants exemptions from the self-employment tax to selected groups of individuals. Petitioner does not claim to fall within the category of any of these groups. Petitioner's assertion that the self-employment tax is unconstitutional under the equal protection clause of the Fourteenth Amendment to the Constitution is without merit. While the Fourteenth Amendment is applicable only to state and not to Federal action, the due *621 process clause of the Fifth Amendment has been held to incorporate the equal protection clause of the Fourteenth Amendment. In re Ward v. Commissioner,608 F.2d 599 (5th Cir. 1979), affirming per curiam a Memorandum Opinion of this Court. However, "[n]either due process nor equal protection imposes * * * any rigid rule of equality of taxation." Carmichael v. Southern Coal Co.,301 U.S. 495, 509 (1937). Where a reasonable basis exists for differing treatment of different classes of persons under a tax statute, the statute is not in violation of the Fifth Amendment because of the different treatment. United States v. Maryland Savings-Share Insurance Corporation,400 U.S. 4 (1970). This Court previously addressed the question of whether there exists a rational basis for allowing certain classes of persons to be exempt from self-employment tax while requiring that the tax be paid by all other persons. Henson v. Commissioner,66 T.C. 835 (1976). In the Henson case we stated (at 840): We find that the different requirements for exemption from tax provided for the different classifications under sections 1402(e) *622 and (h) [now (g)] have a rational basis and do not arbitrarily deprive petitioner of her right to due process of law. * * * Petitioner further objects to being required to pay self-employment tax on the theory that the social security system is presently overburdened. He argues that the United States Marine Corps Reserve retirement pay which he will receive at age 60 will sufficiently provide for his needs and that therefore there is no reason why he must be required to participate in the overworked social security program. Congress enacted the social security program to provide for the overall welfare of the American citizens. As the Circuit Court pointed out in Jaggard v. Commissioner,582 F.2d 1189, 1190 (8th Cir. 1978), affirming a Memorandum Opinion of this Court, "Congress could reasonably conclude that individuals on their own could not be relied upon to provide for themselves in the event of dependency * * *." In determining which individuals would be exempt from the payment of the self-employment tax, Congress took into consideration numerous factors but did not see fit to exempt from self-employment taxation the group of individuals who would receive *623 retirement pay rom service in the United States Marine Corps Reserves. Since petitioner is not included in any of the classes of individuals exempt from payment of self-employment tax, he is liable for that tax. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩
2. Elizabeth Stevenson is not a petitioner in the instant case.↩