RICHARD MARK ALLEN FLOURNOY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flournoy v. Commissioner
Docket No. 17520-80.
United States Tax Court
T.C. Memo 1981-435; 1981 Tax Ct. Memo LEXIS 306; 42 T.C.M. (CCH) 723; T.C.M. (RIA) 81435; August 17, 1981. Richard Mark Allen Flournoy, pro se. Joan B. Renegar, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This matter is before the Court on respondent's motion for summary judgment filed February 19, 1981, pursuant to Rule 121(a), Tax Court Rules of Practice and Procedure.
*307 The Commissioner determined a deficiency in petitioner's Federal income tax for the year 1977 in the amount of $ 357 and an addition to tax under section 6653(a) [1] in the amount of $ 17.50. For purposes of this motion only, respondent concedes that petitioner is liable for no addition to tax under section 6653(a). Petitioner resided at Park Hill, Oklahoma at the time of filing his petition. Petitioner is a self-employed farmer who, for 1977, reported earnings from his profession of $ 4,518.95 as well as other compensation of $ 108. Petitioner's farming activities were not performed in the capacity of a member of a religious order and petitioner is not a member of a religious sect which makes a practice of providing for its dependent members. Petitioner did not timely file an application for exemption from self-employment tax under section 1402(g)(2). [2]
*308 The Commissioner determined that the earnings of petitioner from his farming activities were subject to self-employment taxes and issued an appropriate notice of deficiency. Petitioner timely filed for a redetermination of that deficiency claiming an exemption from self-employment taxes on religious grounds. Respondent filed a motion for summary judgment pursuant to Rule 121(a), Tax Court Rules of Practice and Procedure, on the basis that the petition filed set forth no genuine issue of material fact. Petitioner contends that he need not meet the statutory requirements for exemption from paying self-employment taxes. Rather, he seeks to interpose the First Amendment between his religious aversion to certain forms of insurance and section 1401, which imposes the self-employment tax. He contends that as a Christian and follower of Jesus' teachings he is opposed to making "any payments public or private that are made with the purpose in mind of insuring for future basic needs." The cause of his opposition to making such payments is alleged to be a statement contained in Matthew 6:25 "where Jesus taught 'therefore I say unto you, take no thought for your life, what ye shall eat, *309 or what ye shall drink.'" Since it is clear that petitioner does not meet the requirements for an exemption under section 1402(g), the only question before us is whether petitioner is entitled to an exemption from payment of self-employment taxes on constitutional grounds. The tax imposed under the Social Security Act "upon both employees and the self-employed has been held to be constitutional." Palmer v. Commissioner, 52 T.C. 310, 313 (1969), citing Helvering v. Davis, 301 U.S. 619 (1937); Cain v. United States, 211 F.2d 375 (5th Cir. 1954). Further, this Court has held on a number of occasions that the exemption provisions of section 1402 are not unconstitutionally narrow. Palmer v. Commissioner, supra; Henson v. Commissioner, 66 T.C. 835 (1976); Randolph v. Commissioner, 74 T.C. 284 (1980). [3] Nonetheless, petitioner seeks exemption contending that the Palmer case, supra, is distinguishable. He contends that merely by paying the self-employment tax he is giving thought for tomorrow, whereas in Palmer it was the religious prohibition against receipt of benefits *310 which caused the taxpayers therein to resist payment of the tax. Further, petitioner contends that the self-employment tax is justified by no compelling state interest (citing Sherbert v. Verner, 374 U.S. 398 (1963)), and argues that the self-employment tax impedes the free exercise of his religion. We are not of the opinion that the First Amendment requires us to carve out of section 1401 a new exemption from self-employment taxes or that it requires us to hold the self-employment tax unconstitutional. In Sherbert v. Verner, supra, *311 a member of the Seventh-Day Adventist was denied unemployment benefits under the South Carolina Unemployment Compensation Act for refusing to accept employment which would require her to work on Saturdays, the Sabbath of her faith. The Supreme Court held this denial constituted a violation of the free exercise clause of the First Amendment. Petitioner would have us equate the burden of loss of one's means of support (unemployment benefits) for declining to work on the Sabbath to the burden of paying an income tax. This we cannot do under the applicable law. Petitioner has no religious objection to payment of income taxes generally. He will receive the benefits of social security only if he applies for them and meets other requirements determined by Congress. See Palmer v. Commissioner, supra.As the Supreme Court stated in Braunfeld v. Brown, 366 U.S. 599, 606 (1961): To strike down, without the most critical scrutiny, legislation which imposes only an indirect burden on the exercise of religion, i.e., legislation which does not make unlawful the religious practice itself, would radically restrict the operating latitude of the legislature. *312 Statutes which tax income and limit the amount which may be deducted for religious contributions impose an indirect economic burden on the observance of the religion of the citizen whose religion requires him to donate a greater amount to his church; * * * The list of legislation of this nature is nearly limitless. [Emphasis added.] Petitioner is a sincere and honest man with strong religious convictions. We understand his position, but the law is clear. Relief, if there is to be any, must come from the legislature. Since petitioner's case presents no genuine issue of material fact respondent is, in view of the above, entitled to a summary judgment in his favor as a matter of law. Accordingly, respondent's motion is granted, and, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩
2. Sec. 1402(g) provides: (g) MEMBERS OF CERTAIN RELIGIOUS FAITHS.-- (1) EXEMPTION.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver. (2) TIME FOR FILING APPLICATION.--For purposes of this subsection, an application must be filed on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year for which the individual has self-employment income (determined without regard to this subsection or subsection (c)(6)), except that an application filed after such date but on or before the last day of the third calendar month following the calendar month in which the taxpayer is first notified in writing by the Secretary that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely.↩
3. See also, e.g., Melton v. Commissioner, T.C. Memo. 1979-488, affd.     F.2d     (10th Cir., Feb. 27, 1981, 47 AFTR 2d 81-1275, 81-1 USTC par. 9281); Stoffels v. Commissioner, T.C. Memo 1979-295; Stewart v. Commissioner, T.C. Memo. 1979-287; Chapman v. Commissioner, T.C. Memo. 1979-202; Ward v. Commissioner, T.C. Memo. 1979-39, affd. 608 F.2d 599 (5th Cir. 1979), cert. denied 446 U.S. 918 (1980); Jaggard v. Commissioner, T.C. Memo. 1978-78, affd. 582 F.2d 1189↩ (8th Cir. 1978).