JAMES CARTER LINGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Linger v. Commissioner
Docket No. 1192-80
United States Tax Court
T.C. Memo 1981-507; 1981 Tax Ct. Memo LEXIS 242; 42 T.C.M. (CCH) 1068; T.C.M. (RIA) 81507; September 14, 1981
James C. Linger, pro se. Robyn R. Jones, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This matter is before the Court on respondent's motion for summary judgment filed May 29, 1981, pursuant to Rule 121(a), Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in petitioner's Federal income tax for the year 1977 in the amount of $ 555.12 and also an addition to tax under section 6653(a) [1] in the amount of $ 27.76. For purposes of this motion only, respondent concedes that petitioner is not liable for any addition to tax under section 6653(a). Petitioner resided at Tulsa, Oklahoma at the time of filing his petition. *243 Petitioner is an attorney who, for 1977, reported earnings from his profession of $ 7,026.84. His Schedule SE, however, showed no self-employment taxes due, and it contained a notation stating "Exempt - Non-Religious Conscientious Objector." The Commissioner determined that the earnings of petitioner from his law practice were subject to self-employment taxes and an appropriate notice of deficiency was issued. The petitioner timely filed with this Court a petition for a redetermination of that deficiency. Petitioner's argument for exemption from self-employment tax is premised on the following three statements: The Internal Revenue Code provided for exemption for religious conscientious objectors from the Social Security Self-Employment tax; The Supreme Court of the United States of America has ruled that exemptions and alternatives must be provided for non-religious conscientious objectors in the case of Selective Service Laws; and Petitioner is a non-religious conscientious objector to participation in the Social Security System and payment of the Social Security Self-Employment tax. The tax imposed by the Social Security Act "upon both employees and the self-employed *244 has been held to be constitutional." Palmer v. Commissioner, 52 T.C. 310, 313 (1969), citing Helvering v. Davis, 301 U.S. 619 (1937); Cain v. United States, 211 F.2d 375 (5th Cir. 1954). Further, this Court has on a number of occasions held that the exemption provisions of section 1402 are not unconstitutionally narrow. E.g., Palmer v. Commissioner, supra; Henson v. Commissioner, 66 T.C. 835 (1976); Randolph v. Commissioner, 74 T.C. 284 (1980). [2] Petitioner does not allege that he has met the requirements for exemption of section 1402(e) or (g), and he clearly has not. *245 Even assuming the truth of the premises of petitioner's argument, we would not equate a conscientious objection to taking lives with a conscientious objection to paying a tax. Further, the Supreme Court has not provided a carte blanche exemption from conscription laws to conscientious objectors. The decision of Welsh v. United States, 398 U.S. 333 (1970), a leading case, was based on a finding that deeply held moral, ethical or religious beliefs against war could satisfy the requirements for exemption on religious grounds as set forth in section 6(j) of the Universal Military training and Service Act of 1948, 62 Stat. 612, 50 U.S.C. App. Sec. 456(j). The Court thus determined that certain beliefs fell within the exemption provisions of the statute which the Court was interpreting. The Constitution does not require us to find petitioner exempt from self-employment taxes, and section 1402 would not permit us to. We find that petitioner's case presents no genuine issue of material fact and that respondent is entitled to a summary judgment in his favor as a matter of law. Accordingly, respondent's motion is granted and, An appropriate order will be *246 entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩
2. See also, e.g., Melton v. Commissioner, T.C. Memo. 1979-488, affd.     F.2d     (10th Cir., Feb. 27, 1981), 47 AFTR 2d 81-1275, 81-1 USTC par. 9281); Stoffels v. Commissioner, T.C. Memo. 1979-295; Stewart v. Commissioner, T.C. Memo. 1979-287; Chapman v. Commissioner, T.C. Memo. 1979-202; Ward v. Commissioner, T.C. Memo. 1979-39, affd. 608 F.2d 599 (5th Cir. 1979), cert. denied 446 U.S. 918 (1980); Jaggard v. Commissioner, T.C. Memo. 1978-78, affd. 582 F.2d 1189 (8th Cir. 1978). This is not the first time we have rejected the analogy of conscription laws to exemption from self-employment tax. See e.g., Lerner v. Commissioner, T.C. Memo. 1975-60↩.