NORMILE OAKMAN BAYLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baylis v. Commissioner
Docket No. 557-80.
United States Tax Court
T.C. Memo 1982-10; 1982 Tax Ct. Memo LEXIS 740; 43 T.C.M. (CCH) 276; T.C.M. (RIA) 82010; January 11, 1982. Normile Oakman Baylis, pro se. Joan J. Fahlgren, for the respondent. PARKER
MEMORANDUM *741 FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioner's Federal self-employment tax for the year 1977 in the amount of $ 1,240.53. The only issue involves the constitutionality of the self-employment tax or, more specifically, whether or not respondent's denial of an exemption from the self-employment tax under sections 1401 and 1402 [1] was proper. FINDINGS OF FACT The facts in this case have been fully stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and exhibits attached thereto are here incorporated by reference. The pertinent facts will be summarized below. At the time he filed his petition in this case, petitioner resided in Ann Arbor, Michigan. He timely filed his individual income tax return for the year 1977 with the Internal Revenue Service Center, Cincinnati, Ohio. During 1977 petitioner operated an employment recruiting service as a sole proprietorship. He reported a net profit of $ 15,703 from that business *742 on his tax return for that year. He also deducted $ 1,500 as payments to a Keogh (H.R. 10) retirement plan. On or about April 1, 1978, petitioner filed with the Internal Revenue Service a Form 4361, Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners. On that form he checked "Member of religious order not under a vow of poverty" and listed the date ordained or licensed as January 19, 1977, which date he further explained was his "date of spiritual conversion." In the block labelled "Legal name of ordaining, licensing, or commissioning body of religious order," petitioner inserted the following: NONE -- PERSONAL AND DEEP SEEDED (sic) SPIRITUAL BELIEF IN THE SELF SUSTAINMENT OF MYSELF AS A CHILD OF GOD Respondent disapproved petitioner's application for exemption from self-employment tax on April 14, 1978. Petitioner was not in 1977 and is not now ordained, commissioned, or licensed as a minister by any church and he is not a Christian Science practitioner. Petitioner has certain religious or spiritual beliefs, including a belief that he has surrendered his life to God, that God will supply *743 his needs, and that he must be "a totally responsible person and must rely solely on God for my sustenance and blessings." Respondent has stipulated to the sincerity of these beliefs. OPINION Section 1401 imposes a tax upon the self-employment income of every individual. There are certain limited exceptions for ministers, members of religious orders and Christian Science practitioners (section 1402(e)), and for members of certain religious sects who have conscientious objections against accepting the benefits of any public or private insurance which make payments in the event of death, disability, old age or retirement (section 1402(g) -- formerly section 1402(h)). The facts show that petitioner does not come within any of these statutory exceptions, and petitioner apparently does not contend otherwise. Petitioner argues that the statute discriminates against him and violates the First Amendment to the United States Constitution[2] by not granting him an exemption based upon his own personal religious or spiritual beliefs. Such arguments have already been considered and rejected by this and other courts. Jaggard v. Commissioner, 582 F. 2d 1189 (8th Cir. 1978), *744 affg. a Memorandum Opinion of this Court, cert. denied 440 U.S. 913 (1979); Randolph v. Commissioner, 74 T.C. 284 (1980); Henson v. Commissioner, 66 T.C. 835 (1976); Palmer v. Commissioner, 52 T.C. 310 (1969). Moreover, even if the statutory provisions were declared unconstitutional, the exemptions would be entirely void, and petitioner would not achieve what he seeks, which is to be included within the exemptions. Ward v. Commissioner, 608 F. 2d 599 (5th Cir. 1979), affg. a Memorandum Opinion of this Court. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year here involved, unless otherwise indicated.↩
2. "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; * * *"↩