CHESTER SHANNON MOORE, SR. and DELORES T. MOORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 14873-79.
United States Tax Court
T.C. Memo 1982-347; 1982 Tax Ct. Memo LEXIS 404; 44 T.C.M. (CCH) 181; T.C.M. (RIA) 82347; June 21, 1982. *404 P filed an application for exemption from tax on self-employment income, wherein he indicated that he was conscientiously opposed to the acceptance of public, but not private, insurance benefits. Held, the Commissioner did not act arbitrarily in denying P's exemption. Held, further, the self-employment tax is constitutional as applied to P, and he is liable for such tax. Martin G. Quirk, for the petitioners. Thomas F. Niles, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes of $1,208.70 for 1976 and $1,272.30 for 1977. The sole issue for decision is whether Mr. Moore is relieved from liability for the tax on self-employment income because he opposes the receipt of public insurance benefits. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Chester *406 Shannon Moore, Sr., and Delores T. Moore, husband and wife, were legal residents of Decatur, Ga., at the time they filed their petition in this case. They filed their joint Federal income tax returns for 1976 and 1977 with the Internal Revenue Service Center in Chamblee, Ga. Mr. Moore will sometimes be referred to as the petitioner. During 1976 and 1977, Mr. Moore was a self-employed salesman and a partner if Hobbs-Moore-Simpkins Insurance Agency (HMS), a partnership that sold various types of insurance. Mr. Moore filed a Form 4361, dated April 7, 1976, an application for exemption from self-employment tax for use by ministers, members of religious orders, and Christian Science practitioners. On such form, he indicated that he was a member of religious order and requested exemption from the payment of self-employment taxes. He claimed that he belonged to the Universal Energy Group Church and that such group was formed in December 1974. The Commissioner approved the application on April 28, 1976. Mr. Moore derived net income from his insurance business of $21,697.78 in 1976 and $16,104.85 in 1977. However, on his returns for 1976 and 1977, he claimed that his share of income *407 from HMS was exempt from self-employment taxes, citing the IRS approval of Form 4361. In connection with an audit of the petitioners' 1976 and 1977 returns, Mr. Moore was furnished an examination report, dated October 30, 1978 (Form 4549). He agreed to all of the proposed adjustments therein except for the one imposing the tax on self-employment income, writing: I cannot waive my rights by signing this form, as I believe the self-employment tax is discriminatory, and to pay it would be illegal. Mr. Moore did not consent to the assessment of the taxes. On February 15, 1979, the Commissioner issued a 30-day letter which the petitioners received several days later. Attached to such letter was a copy of the examination report which indicated that Mr. Moore was liable for the self-employment tax and that such tax should be assessed. The report stated that the Form 4361 exemption did not exempt the income from Mr. Moore's insurance partnership. Such report also indicated that section 1402(g)(1) of the Internal Revenue Code of 1954[1] applies to members of a recognized religious sect who are "conscientiously opposed to acceptance of the benefits of any *408 private or public insurance." By letter dated March 9, 1979, Mr. Moore appealed the proposed examination changes to the Appeals Division in Atlanta, Ga.
Sometime during the course of the audit, Mr Moore was told about Form 4029, which is an application for exemption from tax on self-employment income and waiver of benefits. In part, such form provides: "I am conscientiously opposed to acceptance of the benefits of any private or public insurance * * *." Mr. Moore struck the words "private or" and sent such application, dated February 23, 1979, to the Commissioner. The application was received by the Atlanta Service Center on February 27, 1979, and was disapproved by the Commissioner in August 1979. Mr. Moore was advised that his application *409 had been disapproved because it was modified. By letter dated September 4, 1979, Mr. Moore requested that his Form 4029 be reconsidered, and on September 11, 1979, the Commissioner issued his notice of deficiency wherein he determined that during 1976 and 1977, Mr. Moore received income which was subject to the self-employment tax. OPINION At trial, the petitioner moved that the burden of proof should be shifted to the Commissioner and that the notice of deficiency should be set aside as fatally defective. He asserted that the IRS acted arbitrarily, failed to articulate the basis for its determination, failed to give him his rights to an administrative appeal, and denied him due process of law by refusing to give him an appellate hearing. For the reasons stated herein, we deny these motions. As a general rule, this Court will not look behind a deficiency notice to examine the propriety of the Commissioner's motives or the administrative policy or procedure involved in making his determinations. Proesel v. Commissioner,73 T.C. 600, 605 (1979); Estate of Brimm v. Commissioner,70 T.C. 15 (1978). It is only in very limited circumstances *410 that the Commissioner's conduct has been subjected to judicial scrutiny and the burden shifted. See Suarez v. Commissioner,58 T.C. 792 (1972); see also United States v. Janis,428 U.S. 433 (1976); Marx v. Commissioner,179 F. 2d 938, 942 (1st Cir. 1950), affg. a Memorandum Opinion of this Court. Such cases involved allegations of extraordinary governmental misconduct, and even in those cases, the notices of deficiency were not declared by this Court to be null and void. Suarez v. Commissioner,58 T.C. at 814. Here, we have no allegations of such extraordinary misconduct. A trial before the Tax Court is a proceeding de novo, and the focus of this Court is on the correctness of the deficiency determined in the statutory notice. Secs. 6213, 7442. It is not to review such actions as an alleged failure to afford a conference before the appellate division. Luhring v. Glotzbach,304 F. 2d 560 (4th Cir. 1962); Crowther v. Commissioner,269 F. 2d 292, 293 (9th Cir. 1959), affg. on this issue 28 T.C. 1293, 1301 (1957). Moreover, the alleged failure to provide the petitioner *411 with any administrative hearings does not affect the validity of the notice of deficiency or the burden of proof. Cleveland Trust Co. v. United States,421 F. 2d 475, 482 (6th Cir. 1970); Luhring v. Glotzbach,supra.Our decision as to a petitioner's tax liability is based on the merits of the case and not on any previous record developed at the administrative level. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 328 (1974); O'Dwyer v. Commissioner,28 T.C. 698 (1957), affd. 266 F. 2d 575 (4th Cir. 1959). Thus, the issue we decide today is whether Mr. Moore is liable for the payment of self-employment taxes on income received by him in 1976 and 1977. The petitioner has the burden of proving that he is not so liable. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933); Palmer v. Commissioner,52 T.C. 310 (1969). Mr. Moore contends that he is exempt from self-employment tax under either subsection (e) or (g) of section 1402. Section 1402(e)(1) prescribes the conditions under which an individual who is "(A) a *412 duly ordained, commissioned, or licensed minister of a church or a member of a religious order * * * or (B) a Christian Science practitioner" may obtain an exemption from self-employment tax imposed on income received "with respect to services performed by him as such minister, member, or practitioner" (emphasis added). Cf. Ballinger v. Commissioner, 78 T.C.     (April 29, 1982). Since the petitioner's income from his insurance partnership clearly was not received by him in a ministerial capacity, he is not exempt from tax under section 1402(e), and his claim with respect to the Form 4361 is without merit. Section 1402(g) provides another exemption from the self-employment tax. Such section states, in part: (g) Members of Certain Religious Faiths.-- (1) Exemption.--Any individual may file an application * * * for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent to the receipt of any insurance, whether public or private. The Ways and Means Committee report states that: Your committee's bill would permit exemption from the social security self-employment tax of *413 individuals who have conscientious objections to insurance (including social security) by reason of their adherence to the established tenets or teachings of a religious sect (or division thereof) of which they are members. * * * * * * To qualify * * *, the objections * * * to insurance must include objections to acceptance of the benefits of any private or public insurance * * * * * * We believe that an exemption * * * would be justifiable only in cases where it is amply clear that an individual cannot accept the benefits of insurance, including social security benefits, without renouncing basic tenets of his religion. The exemption we are recommending is designed to be granted in only such cases. * * * [H. Rept. 213, 89th Cong., 1st Sess. (1965), 1965-2 C.B. 733, 739; emphasis added.] For a host of reasons, it is clear that Mr. Moore does not qualify for the exemption under section 1402(g). In the first place, by his modification of the application, he has indicated that he is not opposed to private insurance; yet, both the statute and the legislative history make clear that to qualify for the exemption, a person must be opposed to an *414 insurance program, whether private or public. Furthermore, one cannot qualify for the exemption based morely on his own individual views; he must show that he is a member of a sect and that the tenets of that sect are opposed to such insurance programs. Mr. Moore has offered no evidence indicating that he is a member of any such sect. In addition, to qualify for the exemption, Mr. Moore must show that the Secretary of Health, Education, and Welfare (now Secretary of Health and Human Services) has found that the sect has a practice of making alternative arrangements for the care of its members, and Mr. Moore has made no showing that his sect has any such practice or that the Secretary of Health and Human Services has made any such finding.Finally, the sect must have been in existence since 1950, and Mr. Moore admits that the sect to which he belongs was established in 1974. Mr. Moore further argues that the provisions of section 1402(g) represent an impermissible attempt to regulate his religious beliefs concerning public insurance in contravention of the First Amendment to the U.S. Constitution. This Court has considered similar constitutional arguments on numerous occasions *415 and has found them to be without merit. Randolph v. Commissioner,74 T.C. 284, 290 (1980); Henson v. Commissioner,66 T.C. 835, 838-839 (1976); Palmer v. Commissioner,supra, and cases cited therein; see also Ward v. Commissioner,608 F. 2d 599 (5th Cir. 1979), affg. per curiam a Memorandum Opinion of this Court; Jaggard v. Commissioner,582 F. 2d 1189, 1190 (8th Cir. 1978), affg. per curiam a Memorandum Opinion of this Court. Furthermore, the courts have repeatedly held that the classifications and exemptions drawn by sections 1401 and 1402 do not result in arbitrary or unreasonable discrimination. See, e.g., United States v. Lee, 455 U.S.     (Feb. 23, 1982); Randolph v. Commissioner,supra;Hensen v. Commissioner,supra.As stated by the Supreme Court in Carmichael v. Southern Coal Co.,301 U.S. 495, 509 (1937): It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions. * * * This Court has repeatedly held that inequalities which result from a singling out of one *416 particular class for taxation or exemption, infringe no constitutional limitation. Hence, we sustain the Commissioner's determination that Mr. Moore is liable for the tax on self-employment income for both 1976 and 1977. An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue. However, current sec. 1402(g) was designated sec. 1402(h) for years ending on or before Dec. 31, 1976. Tax Reform Act of 1976, Pub. L. 94-455, sec. 1901(a)(155)(B), 90 Stat. 1789. Since the provision bore the designation sec. 1402(g)↩ when the petitioner made application under it, we shall refer to such provision by that designation.