LEVITE CORMIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cormier v. Commissioner
Docket No. 3206-90
United States Tax Court
T.C. Memo 1991-193; 1991 Tax Ct. Memo LEXIS 335; 61 T.C.M. (CCH) 2523; T.C.M. (RIA) 91193; April 30, 1991, Filed *335 Decision will be entered for the respondent. Levite Cormier, pro se. John Aletta, for the respondent. POWELLSpecial Trial Judge. POWELL
MEMORANDUM OPINION This case was assigned and heard pursuant to section 7443A(b)(3) and Rule 180 et seq. [1]
Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax, sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 787.57
$ 196.89
$ 39.38
*
1987
600.00
150.00
30.00
*
Respondent also moved for a penalty under section 6673. The issues for decision are (1) whether petitioner is subject to self-employment tax provided by sections 1401 and 1402, (2) whether petitioner is liable for the addition to tax for failure *336 to file timely his tax returns, (3) whether petitioner is liable for the additions to tax for negligence, and (4) whether petitioner is liable for a penalty under section 6673. Petitioner resided in Bristol, Connecticut, at the time he filed his petition in this case. This case was called from the calendar at the Hartford, Connecticut, session of the Court on Monday, September 10, 1990. The parties then submitted the case to the Court on a full stipulation of facts, pursuant to the provisions of Rule 122. Respondent also orally moved for the imposition of a penalty under section 6673. During 1986 and 1987, petitioner was a self-employed subcontractor and earned gross receipts of $ 12,224 and $ 11,350 during those years, respectively. Petitioner reported that on his tax returns. During 1987 petitioner owned and operated a computer art and advertising business and earned gross receipts of $ 4,200. Petitioner reported this income on his income tax return for 1987. Petitioner filed his 1986 and 1987 income tax returns on February 15, 1988, and December 12, 1988, respectively. Petitioner failed to report or pay any self-employment tax on those returns. Petitioner does not contend *337 that he is a member of a religious order or Christian Science practitioner. Respondent has determined that petitioner is liable for the tax imposed upon self-employment income by sections 1401 and 1402, is liable for the additions to tax, and has moved for the imposition of a penalty under section 6673. Petitioner disputes respondent's determinations and objects to respondent's motion. Petitioner's first argument is that the self-employment tax is unconstitutionally discriminatory in that section 1402(e) and (g) grants exemption from the self-employment tax to selected groups of individuals but not others. Petitioner seems to contend that the self-employment tax violates the due process clause of the Fifth Amendment. See Ward v. Commissioner, 608 F.2d 599, 601-602 (5th Cir. 1979), affg. per curiam a Memorandum Opinion of this Court. However, "Neither due process nor equal protection imposes * * * any rigid rule of equality of taxation." Carmichael v. Southern Coal and Coke Co., 301 U.S. 495, 509, 81 L. Ed. 1245, 57 S. Ct. 868 (1937). Where a reasonable basis exists for differing treatment of different classes of persons under a tax statute, the statute is not in violation *338 of the Fifth Amendment because of the different treatment. United States v. Maryland Savings-Share Ins. Corp., 400 U.S. 4, 27 L. Ed. 2d 4, 91 S. Ct. 16 (1970). This Court previously addressed the question of whether there exists a rational basis for allowing certain classes of persons to be exempt from self-employment tax while requiring that the tax be paid by all other persons. Henson v. Commissioner, 66 T.C. 835 (1976). In the Henson case we stated (at 840): We find that the different requirements for exemption from tax provided for the different classifications under sections 1402(e) and (h) [now (g)] have a rational basis and do not arbitrarily deprive petitioner of her right to due process of law. * * *
See Helvering v. Davis, 301 U.S. 619, 81 L. Ed. 1307, 57 S. Ct. 904 (1937); Cain v. United States, 211 F.2d 375 (5th Cir. 1954); Reading v. Commissioner, 70 T.C. 730, 734-735 (1978), affd. 614 F.2d 159 (8th Cir. 1980). [2]
*339 Petitioner further objects to being required to pay self-employment tax on the theory that the social security system is too expensive. He argues that private retirement plans would provide the same coverage at a lesser price and therefore there is no reason why he must be required to participate in the overworked social security program. Congress enacted the social security program to provide for the overall welfare of American citizens. As the United States Court of Appeals for the Eighth Circuit pointed out in Jaggard v. Commissioner, 582 F.2d 1189, 1190 (8th Cir. 1978), affg. a Memorandum Opinion of this Court, "Congress could reasonably conclude that individuals on their own could not be relied upon to provide for themselves in the event of dependency." In determining which individuals would be exempt from the payment of the self-employment tax Congress took into consideration numerous factors but did not see fit to exempt from self-employment taxation those individuals who could participate in private retirement plans. We have examined petitioner's other arguments on this issue and found them to be without merit. Consequently, since petitioner is not *340 included in any of the classes of individuals exempt from payment of self-employment tax, he is liable for that tax. We sustain respondent's determination on this issue. The next issue is whether petitioner is liable for the additions to tax for failure to file timely income tax returns for the years in issue. Petitioner filed his Federal income tax return for 1986 and 1987 on February 15, 1988, and December 12, 1988, respectively. Petitioner is a calendar year taxpayer. In his notice of deficiency, respondent determined petitioner was liable for the addition to tax under section 6651(a)(1) for failure to file timely. Any taxpayer who reports his income for the calendar year is generally required to file a return by April 15 of the following year. Secs. 6011(a), 6012(a), 6072(a). Absent a valid extension of time within which to file his return, a taxpayer who files after the required filing date is liable for an addition to tax under section 6651(a)(1) unless he can show reasonable cause for failure to file timely. Petitioner did not timely file his 1986 and 1987 returns and has not shown that the late filing was due to reasonable cause. Accordingly, we find that petitioner *341 is liable for the additions to tax under section 6651(a)(1) as determined by respondent. We next consider whether petitioner is liable for the additions to tax for negligence under section 6653(a). Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would exercise under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that the underpayment was not due to negligence or intentional disregard of rules or regulations. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Rule 142(a). As already established, petitioner did not file his tax returns in a timely manner. When he did file his returns, he did not report or pay any self-employment tax. He claims that he did so because he felt that the self-employment tax violated constitutionally protected rights. Petitioner has not asserted that he did any research or sought assistance before taking this position. If he had done so, he would have found the numerous cases which hold that sections 1401 and 1402 do not infringe upon constitutionally protected rights. A reasonable and ordinarily *342 prudent person would have made some effort to research this issue before claiming that the self-employment is constitutionally invalid. Accordingly, we sustain respondent's determination on this issue. Finally, we consider respondent's oral motion for a penalty under section 6673. Whenever it appears to the Court that proceedings have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue administrative remedies, the Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Sec. 6673(a). Petitioner willingly discussed his substantive position with respondent and with the Court. He was also willing to stipulate to the facts of the case and was cooperative when the case was called from the calendar. Although petitioner's position is without merit, in light of the particular facts surrounding this case, we do not find that the imposition of a penalty under section 6673 is appropriate. Petitioner is warned, however, that if he takes similarly meritless positions in the future, then this Court may be inclined *343 to impose a penalty. Accordingly, we deny respondent's oral motion for a penalty under section 6673. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code, as amended and as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the deficiency↩
2. See also Gray v. Commissioner, T.C. Memo 1982-132; FioRito v. Commissioner, T.C. Memo 1981-576, affd. without published opinion 720 F.2d 682↩ (7th Cir. 1983).