In re Jacob R. WARD, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.

No. 79–2298

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1979.

Butler, Boltz & Vickers, Paul A. Butler, Houston, Tex., for petitioner-appellant.

M. Carr Ferguson, Asst. Atty. Gen., James F. Miller, Gilbert E. Andrews, Act. Chief, Appellate Section, Grant W. Wiprud, Tax Division, U. S. Dept. of Justice, Lester Stein, Acting Chief Counsel, IRS, Washington, D. C., for defendant-appellee.

Before BROWN, KRAVITCH and FRANK M. JOHNSON, JR., Circuit Judges.

PER CURIAM:

Appellant taxpayer was self-employed as a salesman for Lubrication Engineer, Inc., during the years 1973 through 1976. He paid no self-employment tax during those years. Instead, he filed a Form 4029 Application for Exemption from Tax on Self-Employment and Waiver of Benefits. This exemption is available under the Internal Revenue Code Section 1402(h) (currently codified and referred to as Section 1402(g)).[1] This exemption is available to members of recognized religious sects which include in their beliefs the conscientious

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. (g) Members of certain religious faiths.—

(1) Exemption.—Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a

objection to public or private insurance and which make reasonable provisions for their dependent members. In his application, Taxpayer did not certify that he was a member of any such religious sect, but did state he was a member of a group "conscientiously opposed to payments to social security."

The Internal Revenue Service denied Taxpayer's application for exemption by letter dated June 27, 1977, on the grounds that "he had not established that he qualified as a duly ordained minister or as a member of a qualified religious faith under Sections 1402(e) [2] and (g) of the Internal Revenue Code * * *." The Govern-

member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by—

(A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and

(B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person,

and only if the Secretary of Health, Education, and Welfare finds that—

(C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence,

(D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and

(E) such sect or division thereof has been in existence at all times since December 31, 1950.

An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver.

(2) Time for filing applications.—For purposes of this subsection, an application must be filed on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year for which the individual has self-employment income (determined without regard to this subsection or subsection (c)(6)), except that an application filed after such date but on or before the last day of the third calendar month following the calendar month in which the taxpayer is first notified in writing by the Secretary that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely.

(3) Period for which exemption effective.—An exemption granted to any individual pursuant to this subsection shall apply with respect to all taxable years beginning after December 31, 1950, except that such exemption shall not apply for any taxable year—

(A) beginning (i) before the taxable year in which such individual first met the requirements of the first sentence of paragraph (1), or (ii) before the time as of which the Secretary of Health, Education, and Welfare finds that the sect or division thereof of which such individual is a member met the requirements of subparagraphs (C) and (D), or

(B) ending (i) after the time such individual ceases to meet the requirements of the first sentence of paragraph (1), or (ii) after the time as of which the Secretary of Health, Education, and Welfare finds that the sect or division thereof of which he is a member ceases to meet the requirements of subparagraph (C) or (D).

(4) Application by fiduciaries or survivors.—In any case where an individual who has self-employment income dies before the expiration of the time prescribed by paragraph (2) for filing an application for exemption pursuant to this subsection, such an application may be filed with respect to such individual within such time by a fiduciary acting for such individual's estate or by such individual's survivor (within the meaning of section 205(c)(1)(C) of the Social Security Act).

2. (e) Ministers, members of religious orders, and Christian Science practitioners.—

(1) Exemption.—Any individual who is (A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science practitioner, upon filing an application (in such form and manner, and with such official, as may be prescribed by regulations made under this chapter) together with a statement that either

ment's position was affirmed in a memorandum decision by the Tax Court.[3]

There is no question that Taxpayer is not in compliance with the language of § 1402(g). Thus, the only issues on appeal are whether this section of the Internal Revenue Code violates the First and Fourteenth Amendments, as the appellant urges. We do not believe Taxpayer's Constitutional objections are well founded, and we affirm the decision of the Tax Court.

### The First Amendment Issue

■ The Taxpayer first argues that § 1402(g) violates the Establishment and Free Exercise Clauses of the First Amendment. We do not reach this issue because we hold that the Taxpayer does not have standing to assert this claim.[4] The Taxpayer states that he seeks to have this exemption declared unconstitutional. But if we so held, the exemption would be entirely void. The relief the Taxpayer really seeks, to be included within the exemption, would not be ours to grant. Only Congress could amend the statute to include the Taxpayer's situation. In short, the Taxpayer has not shown that he has suffered an injury which is likely to be redressed by a favorable decision. *Simon v. Eastern Kentucky Welfare Rights Organization*, 1976, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450.

### The Equal Protection Issue

■ Taxpayer next contends § 1402(g) violates the Equal Protection Clause of the Fourteenth Amendment because it denies him the same exemption as members of recognized religious sects who conscientiously object to Social Security. Of course, the Fourteenth Amendment applies only to state, and not to federal, action. *Jewell v. City of Covington*, 5 Cir. 1970, 425 F.2d 459, *cert. denied*, 1970, 400 U.S. 929, 91 S.Ct. 195, 27 L.Ed.2d 189. However, the Due Process

---

he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister, member, or practitioner. Notwithstanding the preceding sentence, an exemption may not be granted to an individual under this subsection if he had filed an effective waiver certificate under this section as it was in effect before its amendment in 1967.

**(2) Time for filing application.**—Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5); or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967.

**(3) Effective date of exemption.**—An exemption received by an individual pursuant to this subsection shall be effective for the first taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5), and for all succeeding taxable years. An exemption received pursuant to this subsection shall be irrevocable.

Taxpayer did not seek to avail himself of this exemption.

3. T.C.M. 1979–39, Docket No. 9280–77.

4. The Eighth Circuit, unlike this Court, did not express a concern for the lack of standing, but upheld § 1402(g) in a similar fact situation in *Jaggard v. Commissioner*, 1978, 582 F.2d 1189. In doing so, the Eighth Circuit relied on two Tax Court cases of the same holding, *Henson v. Commissioner*, 1976, 66 T.C. 835, and *Palmer v. Commissioner*, 1969, 52 T.C. 310. The Eighth Circuit also found a secular legislative purpose for § 1402(g):

It represents a congressional attempt to accommodate sincerely held religious beliefs against private and public insurance programs consistent with the overall welfare purpose of the Social Security Act. Congress could reasonably conclude that individuals on their own could not be relied upon to provide for themselves in the event of dependency, but that members of a religious sect who share these views would provide for dependent members.

582 F.2d at 1190.

Clause of the Fifth Amendment does provide protection against federal discriminatory action "so unjustifiable as to be violative of due process." *Bolling v. Sharpe,* 1953, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884, 886. *See also Shapiro v. Thompson,* 1969, 394 U.S. 618, 642, 89 S.Ct. 1322, 1335, 22 L.Ed.2d 600, 619; *Schneider v. Rusk,* 1964, 377 U.S. 163, 168, 84 S.Ct. 1187, 1190, 12 L.Ed.2d 218, 222. More recently, the Due Process Clause of the Fifth Amendment has been held to actually incorporate the Equal Protection Clause of the Fourteenth Amendment. *United States v. Falk,* 7 Cir. 1973, 479 F.2d 616, 618; *United States v. Thoresen,* 9 Cir. 1970, 428 F.2d 654, 658.

■ Yet § 1402(g) does not arbitrarily discriminate against Taxpayer. "Neither due process nor equal protection imposes * * * any rigid rule of equality of taxation." *Carmichael v. Southern Coal and Coke Co.,* 1936, 301 U.S. 495, 509, 57 S.Ct. 868, 872, 81 L.Ed. 1245, 1253. The singling out of one class for tax exemption is justifiable in light of the Congressional purpose of accommodating the religious beliefs of those people whom they felt sure had firmly based religious convictions. H.Rep. No. 213, 89th Cong. 1st Sess. 101 (1965—2 Cum. Bull. 739–740).

AFFIRMED.