JOHN WESLEY MORROW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morrow v. Commissioner
Docket No. 14841-80
United States Tax Court
T.C. Memo 1983-186; 1983 Tax Ct. Memo LEXIS 600; 45 T.C.M. (CCH) 1204; T.C.M. (RIA) 83186; April 5, 1983. Kenneth E. Lee, for the petitioner. Charles B. Zuravin, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $126.86 in petitioner's 1978 Federal income tax and an addition to tax of $12.70 under section 6651(a). [1] We must decide whether petitioner is liable for self-employment tax imposed by section 1401 and the addition to tax under section 6651(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Finksburg, Maryland at the time he filed his petition herein. He filed a Federal income tax return for the 1978 calendar year with the Internal Revenue Service Center in Philadelphia, Pennsylvania. Petitioner was a minister of the Faith Bible Presbyterian *602 Church during 1978. During that year, petitioner also earned income from his construction business known as Hillel Construction Company. No self-employment tax or social security tax was withheld from or paid by the petitioner with respect to the income earned in construction. [2]
In 1978, petitioner and other ministers and members of the Faith Bible Presbyterian Church withdrew from said church to form the American Presbyterian Church, a division of the Reformed Sect. There are approximately 50 members of the American Presbyterian Church nationwide. Petitioner failed to file an application pursuant to section 1402(g)(1) for an exemption from the self-employment tax imposed by section 1401. No request was made to the Secretary of Health and Human Services by petitioner or any other individual on behalf of the American Presbyterian Church. Petitioner and other adherents to the tenets of the American Presbyterian Church are not conscientiously opposed to accepting the *603 benefits of private insurance. Petitioner is, however, opposed to participating in a public insurance program. The American Presbyterian Church operates a fund to provide its members with assistance in the case of emergencies. The fund collects approximately $5,000 a year to provide the required assistance. However, at the time of trial there was only approximately $1,000 present in the fund.While the fund is administered on a churchwide basis, not all the member churches participate in the fund. In his notice of deficiency, respondent determined that the taxable income reported by petitioner was self-employment income and that petitioner was liable for deficiencies in self-employment tax. OPINION The only issue is whether income petitioner earned in his construction business is exempt from the self-employment tax by reason of the provisions of section 1402(g). Section 1402(g) provides: SEC. 1402. DEFINITIONS.
(g) MEMBERS OF CERTAIN RELIGIOUS FAITHS.-- (1) EXEMPTION.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter *604 if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- *605 (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver. (2) TIME FOR FILING APPLICATION.--For purposes of this subsection, an application must be filed on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year for which the individual has self-employment income (determined without regard to this subsection or subsection (c)(6)), except that an application filed after such date but on or before the last day of the third calendar month following *606 the calendar month in which the taxpayer is first notified in writing by the Secretary that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely. Petitioner never filed an application for exemption from self-employment tax and apparently recognizes that he does not come within the exemption provided by section 1402(g). [3] Rather, he argues that application of the self-employment tax on his income represents an impermissible attempt to regulate his religious beliefs concerning public insurance in contravention of the First Amendment to the Constitution. We have consistently held that the self-employment tax is constitutional and is not in conflict with the free exercise and establishment clauses of the First Amendment. See Henson v. Commissioner,66 T.C. 835, 838 (1976); Palmer v. Commissioner,52 T.C. 310 (1969); see also Ward v. Commissioner,608 F.2d 599 (5th Cir. 1979), affg. per curiam a Memorandum Opinion of this Court. We see no reason to depart from this position. In United States v. Lee,455 U.S. 252 (1982) (holding that *607 to accommodate a taxpayer's religious beliefs, where Congress has not explicitly done so, would unduly interfere with the governmental interest in a comprehensive insurance system), the Supreme Court stated: Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax. [United States v. Lee,supra at 260.] Petitioner further claims that section 1402(g) violates the due process clause of the Fifth Amendment (which embodies the principles of equal protection, Bolling v. Sharpe,347 U.S. 497 (1954)). Petitioner's argument is premised on the claim that the Amish are given exemptions while at the same time petitioner and other members of his sect are denied exemptions. Section 1402(g) does not violate equal protection. Ward v. Commissioner,supra;Henson v. Commissioner,supra at 838-839; Palmer v. Commissioner,supra at 314. *608 The classifications and exemptions drawn by section 1402 do not result in arbitrary or unreasonable discrimination. See, e.g. United States v. Lee,supra;Randolph v. Commissioner,74 T.C. 284 (1980); Henson v. Commissioner,supra.As stated by the Supreme Court in Carmichael v. Southern Coal Co.,301 U.S. 495, 509 (1937): It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions. * * * This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation of exemption, infringe no constitutional limitation. * * * Thus, as we pointed out at trial, the beliefs of the Amish are irrelevant to the inquiry herein. Petitioner's bare assertion that the Amish are granted exemptions although they have some sort of form of private insurance in no way raises a valid equal protection claim. See Jaggard v. Commissioner,76 T.C. 222 (1981). Moreover, even if petitioner were to persuade us that the exemption in section 1402(g) is unconstitutional (under the First Amendment, or *609 under the equal protection element of the due process clause of the Fifth Amendment) because it improperly discriminates in favor of adherents of only a certain religion or group of religions, the exemption would be entirely void and petitioner would not achieve what he seeks, which is to be included within the exemption. Ward v. Commissioner,supra. Compare Moritz v. Commissioner,469 F.2d 466 (10th Cir. 1972), revg. 55 T.C. 113 (1972). Hence, we sustain respondent's determination that petitioner is liable for the tax on self-employment income for 1978. Finally, petitioner has offered no evidence to rebut respondent's determination of an addition to tax under section 6651(a) and we sustain respondent on this issue. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. The parties agree that petitioner is entitled to an exemption from self-employment tax under sec. 1402(e) with respect to his ministerial income earned from the Faith Bible Presbyterian Church in 1978.↩
3. The basic reason that petitioner does not qualify for the exemption is that he is not conscientiously opposed to accepting benefits of private insurance.↩