ROBERT D. PATTERSON, Petitioner V. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patterson v. Comm'r
Docket No. 30427-81.
United States Tax Court
T.C. Memo 1983-655; 1983 Tax Ct. Memo LEXIS 135; 47 T.C.M. (CCH) 198; T.C.M. (RIA) 83655; October 27, 1983. *135 Robert D. Patterson, pro se. Robert W. *136 West, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Section 6653 (a) [1]
1978
$472.15
$23.61
1979
559.70
27.98
The issues for decision are whether petitioner is liable for the tax on self-employment income under the provisions of sections 1401 and 1402, and whether petitioner is liable for the addition to tax for negligence or the intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner, Robert D. Patterson, resided in Millbrook, Alabama, at the time of filing the petition in this case. He timely filed income tax returns for 1978 and 1979 with the Internal Revenue Service Center at Chamblee, Georgia. Petitioner is the owner and operator of Bob's Electronic Service. It was his sole source *137 of income for 1978 and 1979. He reported net profits from the business of $5,829 for 1978 and $6,909.89 for 1979. Petitioner paid no self-employment tax for 1978 and 1979. On his tax returns he entered the words "Exempt--Form 4029" on the lines provided for the computation of self-employment tax. Petitioner is morally opposed to the social security program and to paying social security taxes or accepting social security insurance benefits. In February 1979, he filed informal written statements with the Internal Revenue Service declaring that he is a conscientious objector to social security insurance and that it was his intention to resign from the social security program. The Internal Revenue Service has no record of a Form 4029 having been filed in his name. He claims, however, that he filed such a form on or about July 10, 1977 but that it was rejected on or about August 15, 1977. At the trial he could not produce a copy of the form which he allegedly filed. Petitioner stipulated that he is not claiming exemption from the tax as a member of a recognized religious sect or denomination that is conscientiously opposed to social security insurance. He does claim membership *138 in the Christian Brotherhood, which he defines as a spiritual brotherhood or the Body of Christ. This brotherhood is not a particular church, has no organization, no charter and no bylaws. It is unorganized and unrecognized. In his notice of deficiency, respondent determined that the net profits reported by petitioner constituted self-employment income, and that petitioner was liable for self-employment tax as well as additions to tax pursuant to section 6653(a) for the years in issue. OPINION Section 1401(a) imposes a tax on self-employment income as defined in section 1402(b). Section 1402(e) provides an exemption from the tax upon proper application for ordained, commissioned, or licensed ministers, members of a religious order or Christian Science practitioners with respect to services performed as such minister, member or practitioner. Section 1402(g) provides for exemption fron self-employment tax of an individual who, upon proper application, can establish that he is a member of a recognized religious sect which has established tenets or teachings causing him to be conscientiously opposed to the acceptance of the benefits of any private or public insurance providing *139 payments in the event of death, disability, old-age, or retirement. An application for an exemption provided for in section 1402 is made on a Form 4029. As we understand it, petitioner does not claim exemption under section 1402(e) or (g). His first contention is that the self-employment tax is a violation of his constitutionally protected right to freedom of religion under the First Amendment. We cannot agree because there is no constitutional barrier on religious grounds to the collection of the self-employment tax from non-exempt persons. In United States v. Lee,455 U.S. 252 (1982), the Supreme Court state that there was no exemption from such a tax on religious grounds except those specifically created by Congress. Therefore, to qualify for exemption the petitioner must place himself within the provisions of section 1402(e) or (g). Olsen v. Commissioner,709 F.2d 278 (4th Cir. 1983), affg. a Memorandum Opinion of this Court; Hughes v. Commissioner, 81 T.C.     (filed October 4, 1983); Randolph v. Commissioner,74 T.C. 284 (1980); Henson v. Commissioner,66 T.C. 835 (1976); Palmer v. Commissioner,52 T.C. 310 (1969). *140 [2] He has not even attempted to do so, and therefore, he is not exempt because as stated in United States v. Lee,supra at 260, "the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax." Petitioner's second contention is that the self-employment tax is a violation of his constitutionally protected right to equal protection under the laws. He argues that to allow exemptions to members of recognized religious sects and to deny him an exemption because he is not a member of a recognized religious sect is a violation of his rights under the Fifth and Fourteenth Amendments. He correctly points out that while the Fourteenth Amendment applies to state and not to Federal action ( Jewell v. City of Convington,425 F.2d 459 (5th Cir. 1970), cert. denied 400 U.S. 929 (1970)), the Due Process Clause of the Fifth Amendment has been held to incorporate the Equal Protection Clause of the Fourteenth Amendment. United States v. Falk,479 F.2d 616, 618 (7th Cir. 1973); *141 UnitedStates v. Thoresen,428 F.2d 654, 658 (9th Cir. 1970). However, in Ward v. Commissioner,608 F.2d 599 (5th Cir. 1979), the taxpayer also made a similar equal protection argument. [3] The Court stated: [Section] 1402(g) does not arbitrarily discriminate against Taxpayer. "Neither due process nor equal protection imposes * * * any rigid rule of equality of taxation." Carmichael v. Southern Coal and Coke Co., 1936, 301 U.S. 495, 509, 57 S. Ct. 868, 872, 81 L.Ed. 1245, 1253. The singling out of one class for tax exemption is justifiable in light of the Congressional purpose of accommodating the religious beliefs of those people whom they felt sure had firmly based religious convictions. H.Rep. No. 213, 89th Cong. 1st Sess. 101 (1965-2 Cum. Bull. 739-740). [608 F.2d at 602.] The conclusion in Ward,supra, of the Fifth Circuit, to which an appeal would lie in this case, disposes of petitioner's arguments here. See also Palmer v. Commissioner,supra;Hughes v. Commissioner,supra.[4]
*142 Finally, petitioner claims an exemption from self-employment tax for 1978 and 1979 because of the words "Exempt--Form 4029" which he placed on his income tax returns. We have found, however, that the Internal Revenue Service has no record of a Form 4029 in petitioner's name. He insists that he filed the form but admits that the claimed exemption was denied in August of 1977. In either case he was obviously familiar with Form 4029 and was aware at the time he filed the 1978 and 1979 returns that no exemption had been approved for him. Consequently, the notation of exemption on the returns cannot serve as a basis for his claim. We conclude that petitioner's misrepresentation of his status in 1978 and 1979 constitutes intentional disregard for the applicable rules and regulations. Accordingly, we sustain respondent's determination of the addition to tax pursuant to section 6653(a) for each of the years in issue. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See also Jansen v. Commissioner,T.C. Memo. 1982-619↩.
3. Affirming T.C. Memo. 1979-39↩.
4. See also Melton v. Commissioner,T.C. Memo. 1979-488, affd.     F.2d     (10th Cir. 1981); Stewart v. Commissioner,T.C. Memo. 1979-287; Jaggard v. Commissioner,T.C. Memo. 1978-78, affd. 582 F.2d 1189↩ (8th Cir. 1978).