T.C. Memo. 2006-245

UNITED STATES TAX COURT

PERRY WESTCOTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4499-03L.                    Filed November 9, 2006.

Perry Westcott, pro se.

<u>Alvin A. Ohm</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  This case arises from a petition filed in
response to a notice of determination concerning collection
action(s) under section 6320[1] and/or 6330 (notice of determina-
tion).

_____

    [1]All section references are to the Internal Revenue Code at
all relevant times.

We must decide whether respondent may proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable year 1998. We hold that respondent may proceed with that collection action.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Wolfe City, Texas, at the time he filed the petition in this case.

On July 2, 2001, petitioner Perry Westcott and his spouse, Gladys Marie Westcott, jointly filed Form 1040, U.S. Individual Income Tax Return (Form 1040), for their taxable year 1998 (1998 return).[2] Petitioner's 1998 return showed tax due of $46,721.87. When petitioner filed his 1998 return, he did not pay the tax due shown in that return even though he had the money to pay such tax. Instead, petitioner used the money with which he would have otherwise paid the tax due shown in his 1998 return and purchased a business.

On March 4, 2002, respondent assessed the total tax shown in petitioner's 1998 return,[3] as well as certain additions to tax

---

[2]This case involves only petitioner Perry Westcott. For convenience, with a few exceptions, all future references shall be only to petitioner.

[3]The record does not disclose the total tax shown in petitioner's 1998 return.

not disclosed by the record,[4] and interest as provided by law. (We shall refer to any such unpaid amounts, as well as interest as provided by law after March 4, 2002, as petitioner's unpaid 1998 liability.)

On March 4, 2002, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 1998 liability.

On August 17, 2002, respondent sent petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid 1998 liability.

On August 20, 2002, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). In petitioner's Form 12153, petitioner stated:

> Taxes owed from 1998 are offset by losses in 1999 & 2000. Cannot find anyone, including IRS, to complete tax return & we cannot do it ourselves & cannot afford CPA.

On August 30, 2002, a representative of respondent's collection division had a telephonic conference with petitioner (August

---

[4]Although not disclosed by the record, we presume that the additions to tax that respondent assessed were additions to tax under sec. 6651(a)(1) and (2). That is because petitioner did not file his 1998 return until July 2, 2001, and did not pay the tax due shown in that return when he filed it.

30, 2002 telephonic conference) concerning petitioner's Form 12153.  During that telephonic conference, petitioner indicated that he had not filed Federal income tax returns (tax returns) for his taxable years 1999, 2000, and 2001 because he had been unable to find a return preparer whom he could afford to prepare such returns.  Petitioner further indicated during the August 30, 2002 telephonic conference that he had just found a return preparer whom he could afford to prepare tax returns for such taxable years, that such returns would be filed in late September 2002, and that the total tax and the tax due shown in petitioner's 1998 return would be reduced by respective losses to be claimed in such returns.  During the August 30, 2002 telephonic conference, petitioner was informed that, in order to qualify for so-called hardship status, he first must file all tax returns that were then due.  During the August 30, 2002 telephonic conference, petitioner asked the representative from respondent's collection division to forward his case to the Appeals Office. Around September 6, 2002, respondent's collection division forwarded to the Appeals Office petitioner's collection matter regarding his taxable year 1998.

On September 23, 2002, the Appeals officer assigned to petitioner's case (Appeals officer) scheduled an Appeals Office hearing with petitioner.

By letter dated September 27, 2002 (September 27, 2002 letter), a certified public accountant representing petitioner and his spouse (petitioner's C.P.A.) sent to petitioner Form 1040 that he had prepared on behalf of petitioner and his spouse for their taxable year 1999 (petitioner's 1999 return). Petitioner's C.P.A.'s September 27, 2002 letter, inter alia, gave petitioner instructions regarding filing the 1999 return. That letter stated in pertinent part:

> Enclosed are two copies of your 1999 federal income tax return. One copy is for your records. Send the other copy to the Internal Revenue Service. Please sign and date the tax returns at the bottom of Form 1040, page 2.
>
> Your Federal taxes have been paid in full. Do not include a check. Mail your Federal return, on or before April 17, 2000[5] to:
> INTERNAL REVENUE SERVICE CENTER
> Austin, TX * * *
>
> We recommend that you send the returns using certified mail or other delivery service with postmarked receipts.

At a time not disclosed by the record before February 24, 2003, petitioner filed petitioner's 1999 return that petitioner's C.P.A. had prepared. Petitioner's 1999 return showed a business loss of $82,592 from Schedule C, Profit or Loss From Business (Schedule C), and negative total income and negative adjusted

---

[5]The date of Apr. 17, 2000, for filing petitioner's 1999 return that was stated in petitioner's C.P.A.'s September 27, 2002 letter was wrong. As noted above, petitioner's C.P.A. did not send petitioner's 1999 return to petitioner until around Sept. 27, 2002.

gross income of $80,090.

The Appeals officer did not contest the business loss of $82,592 from Schedule C that was claimed in petitioner's 1999 return or the amount of the reduction in petitioner's unpaid 1998 liability that petitioner claimed as a result of such claimed loss.

By letter dated February 24, 2003 (February 24, 2003 letter), the Appeals officer notified petitioner that the 1999 return had posted and had reduced petitioner's unpaid 1998 liability to approximately $29,000. The February 24, 2003 letter stated in pertinent part:

> the amount you still owe [for taxable year 1998] is approximately $29,000.00. While this is a lot better than the $49,000.00 you owed when we started out, I don't believe you are in a financial position to pay the remaining liability. Since you still have outstanding returns that have not been filed, I cannot enter into any type of alternate method of collection.
>
> I called the Taxpayer Advocate Office and received the name and phone numbers of two low income tax preparation organizations in Dallas -- evidently there is no counter part in Ft. Worth. You need to get your 2000 and 2001 returns filed and maybe one of these organizations can help.
>
> Urban Justice Center
> 3902 Elm Street Dallas
> Call for an appointment (214) 827-1000
>
> Legal Services of North Texas
> 1515 Main Street
> (214) 748-1234 X323 Abed S. Ali.
>
> As for your collection due process case, since I cannot accept any type of alternate collection method, I am going to recommend that a determination letter be

issued and then, if you believe I have abused my dis-
cretion, you can file suite with the United States Tax
Court.  I will still attempt to help you take care of
any remaining liability by helping you request an
alternate collection method, but you **MUST** get your 2000
and 2001 returns filed first.  While you are getting
these other two prepared, please get the 2002 return
prepared also.

I am sorry that the filing of the 1999 return did not
completely take care of your liability, but it did
help.  Please call me if you have any questions.
[Reproduced literally.]

On March 7, 2003, respondent issued to petitioner a notice
of determination with respect to his taxable year 1998.  At the
time respondent issued that notice, petitioner had not filed a
tax return for his taxable year 2000 or his taxable year 2001.
Petitioner was not able to prepare himself Form 1040 for his
taxable year 2000 because of the complexity of claiming a busi-
ness loss to which he believed he was entitled for that year and
the lack of records to substantiate any such loss.[6]

The notice of determination that respondent issued to
petitioner with respect to his taxable year 1998 stated in
pertinent part:  "Since you are not in compliance with all your
filing requirements, we cannot enter into any type of alternate

---

[6]Petitioner was able to prepare Form 1040EZ, Income Tax
Return for Single and Joint Filers With No Dependents (Form
1040EZ).  However, he was not eligible to use Form 1040EZ for his
taxable year 2000.  That was because, according to the instruc-
tions for Form 1040EZ for the taxable year 2000 of which we take
judicial notice, a taxpayer who had income from a trade or
business that must be reported in Schedule C was not eligible to
use Form 1040EZ.

collection method."  An attachment to the notice of determination

stated in pertinent part:

### SUMMARY AND RECOMMENDATION

Mr. Westcott his 1998 Federal income tax return showing a balance due.  He states that his 1999 and 2000 re-turns will show a loss that will be carried back and offset the 1998 tax.  But, he has not filed his 1999, 2000 or 2001 Federal income tax returns.  During the Appeals proceeding he was able to file the 1999 return, but there is still an outstanding balance due.

Mr. Westcott still has not been able to file his 2000 and 2001 returns; therefore, an alternative method of collection cannot be entered into.  I recommend the determination letter be issued.

### DISCUSSION AND ANALYSIS

I.  Applicable Law and Administrative Procedures.

Based on the inspection of the Service's computer transcripts and the contents of the Collection Due Process File, I find that the Service followed the applicable laws and procedures.

#### 1998

- Mr. Westcott filed his 1998 Federal income tax return on July 2, 2001
- Under IRC § 6201(a)(1), the service assessed the tax March 4, 2002 and the Service sent Mr. Westcott a notice and demand on the same day
- The Letter 1058 (LT-11) was sent August 17, 2002
- Mr. Westcott mailed his 12153, Request for a Col-lection Due Process Hearing, on August 20, 2002
- A levy source had been identified, per the txmoda, on March 18, 2002
- The Appeals Officer has had no prior dealings with Mr. Westcott

II.  Issues Raised By The Taxpayer.

The only statement made by Mr. Westcott on the form 12153 was that he has a loss for 1999 and 2000 and that loss will offset the income for 1998.  He claims that

he has been unable to get the subsequent years returns prepared.  During the CDP proceedings, Mr. Westcott was able to get his 1999 return filed and the carry back reduced the balance due by about $20,000.00, but there is still about $29,000.00 due.  I have received the names and telephone numbers of two low income tax preparation services from the Taxpayer Advocate and have provided those to Mr. Westcott with the advice that he get his 2000 and 2001 returns filed and I would help him file an Offer in Compromise, doubt as to liability.  But because these returns are still out-standing, I cannot enter into any type of alternate collection action.

III.   Balancing Efficient Collection And Intrusiveness.

Mr. Westcott cannot enter into any type of alternate collection action because he is not in compliance with filing of his returns; therefore, the proposed levy is the only method of efficient collection.  [Reproduced literally.]

In June 2005, after petitioner filed a petition with the Court in response to the notice of determination that the Appeals Office issued with respect to his taxable year 1998, petitioner filed Form 1040 for his taxable year 2000 (2000 return).  In petitioner's 2000 return, petitioner claimed a business loss of $36,514 from Schedule C and negative total income and negative adjusted gross income of $17,299.  On dates not disclosed by the record after March 7, 2003, petitioner filed tax returns for his respective taxable years 2001 through 2004.[7]

Petitioner received general assistance from the Internal Revenue Service (IRS) on how to navigate the processes relating

_____

[7]The record does not disclose the contents of the respective tax returns that petitioner filed for his taxable years 2001 through 2005.

to the preparation and filing of tax returns, but he did not
receive any assistance on how to complete any tax return.

OPINION

We first turn to petitioner's position that he does not have
any tax liability for his taxable year 1998.

A taxpayer may raise challenges to the existence or the
amount of the taxpayer's underlying tax liability if the taxpayer
did not receive a notice of deficiency or did not otherwise have
an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B);
see Montgomery v. Commissioner, 122 T.C. 1 (2004). Where the
validity of the underlying tax liability is properly placed at
issue, the Court will review the matter on a de novo basis. Sego
v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner,
114 T.C. 176, 181-182 (2000).

Respondent concedes that petitioner is entitled to dispute
the amount of his tax liability for his taxable year 1998. We
shall review de novo petitioner's contention that the total tax
and the tax due shown in petitioner's 1998 return should be
reduced because of a loss that he claimed in his 2000 return.[8]

---

[8]While petitioner's Form 12153 was pending in the Appeals
Office, the Appeals officer received petitioner's 1999 return.
Without verifying the amount of loss claimed in petitioner's 1999
return, the Appeals officer accepted that return and reduced the
total tax and the tax due shown in petitioner's 1998 return as a
result of the loss claimed in that 1999 return. The Appeals
officer's actions are reflected in the notice of determination
and the attachment thereto that the Appeals Office issued to
(continued...)

Sego v. Commissioner, supra; Goza v. Commissioner, supra.

In petitioner's 2000 return that he filed in June 2005, over two years after respondent issued the notice of determination with respect to his taxable year 1998, petitioner claimed a business loss of $36,514 from Schedule C and negative total income and negative adjusted gross income of $17,299. At trial, petitioner failed to introduce any reliable evidence that establishes any of such claimed amounts.[9]

On the record before us, we find that petitioner has failed to carry his burden of establishing that he has a loss for his taxable year 2000 (or any other year) that eliminates petitioner's unpaid 1998 liability.

We now turn to petitioner's position that the IRS violated petitioner's equal protection rights under the Constitution of the United States (Constitution). In support of that position, petitioner argues that section 6404(d) relating to the abatement of tax implicitly required the IRS to prepare, or to assist him in preparing, his tax return for his taxable year 2000. Neither section 6404(d) nor any other provision in the Internal Revenue

_____

[8](...continued)
petitioner with respect to his taxable year 1998.

[9]When petitioner filed his petition in this case, he was unable to state or quantify the amount of loss for his taxable year 2000 that should be carried back to his taxable year 1998. That is because, when petitioner filed the petition in this case, he had not yet filed his 2000 return. Petitioner did not file his 2000 return until June 2005.

Code requires the IRS to prepare, or to assist in the preparation of, a tax return for any taxpayer. See United States v. Barnett, 945 F.2d 1296, 1300 (5th Cir. 1991). We reject petitioner's argument that the IRS had a legal duty to prepare, or to assist him in preparing, a tax return for his taxable year 2000 (or any other taxable year).

Although not altogether clear, petitioner also appears to argue that the IRS violated his equal protection rights under the Constitution because it treated him differently from certain other taxpayers. In this regard, we have found that petitioner was unable to prepare himself Form 1040 for his taxable year 2000 because of the complexity of claiming a business loss to which he believed he was entitled and the lack of records to substantiate any such loss.[10] We have also found that although petitioner received general assistance from the IRS on how to navigate the processes relating to the preparation and the filing of tax returns, he did not receive any assistance on how to complete any tax return.

As we understand petitioner's equal protection argument, in contrast to how the IRS treated petitioner, the IRS helped certain other taxpayers to prepare their respective tax returns. Petitioner does not specify who such other taxpayers were.

---

[10]We have also found that petitioner was able to prepare Form 1040EZ. However, petitioner was ineligible to use Form 1040EZ for his taxable year 2000. See supra note 6.

However, we take judicial notice that the instructions to Form 1040EZ, Form 1040A, U.S. Individual Income Tax Return (Form 1040A),[11] and Form 1040 state in pertinent part:

> **Assistance With Your Return.** IRS offices can help you prepare your return. An assister will explain a Form 1040EZ, 1040A, or 1040 with Schedules A and B to you and other taxpayers in a group setting. * * *

The Fifth Amendment to the Constitution (Fifth Amendment) protects against the deprivation of life, liberty, or property without due process of law. The Due Process Clause of the Fifth Amendment provides protection against Federal discriminatory action "so unjustifiable as to be violative of due process". Shapiro v. Thompson, 394 U.S. 618, 642 (1969); see Ward v. Commissioner, 608 F.2d 599, 601-602 (5th Cir. 1979), affg. per curiam T.C. Memo. 1979-39. The Due Process Clause of the Fifth Amendment also has been held to incorporate the Equal Protection Clause of the Fourteenth Amendment to the Constitution. Johnson v. Robison, 415 U.S. 361, 364-365 n.4 (1974); Ward v. Commissioner, supra at 602.

Assuming arguendo that the IRS provided assistance to certain taxpayers with respect to the preparation of Forms 1040EZ, Forms 1040A, and Forms 1040 with only Schedules A and B,

---

[11]Petitioner was ineligible to use Form 1040A for his taxable year 2000. That was because, according to the instructions for Form 1040A for the taxable year 2000 of which we take judicial notice, a taxpayer who had income from a trade or business that must be reported in Schedule C was not eligible to use Form 1040A.

in order to prevail on his constitutional argument, petitioner must nonetheless show that the IRS's failure to prepare, or to help him in preparing, Form 1040 with Schedule C for his taxable year 2000 was not premised upon a rational basis,[12] see <u>Regan v. Taxation With Representation</u>, 461 U.S. 540, 547 (1983), and instead was premised upon an impermissible basis such as race, religion, or the desire to prevent the exercise of petitioner's constitutional rights, see <u>United States v. Kahl</u>, 583 F.2d 1351, 1353 (5th Cir. 1978); <u>United States v. Swanson</u>, 509 F.2d 1205, 1208 (8th Cir. 1975).

On the record before us, we find that petitioner has not carried his burden of establishing that the failure of the IRS to prepare, or to assist him in preparing, Form 1040 with Schedule C for his taxable year 2000 was based upon a constitutionally impermissible standard.  We conclude that the IRS did not violate petitioner's rights to equal protection (or to due process) under the Constitution.

Based upon our examination of the entire record in this case, we find that petitioner has not carried his burden of establishing that the Court should reject the determination in the notice of determination to proceed with the collection action with respect to petitioner's taxable year 1998.

---

[12]The IRS clearly lacks the resources to prepare tax returns for all taxpayers or to help all taxpayers in preparing such returns.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.