Ruth Larson HATCHER,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 78–1883.

United States Court of Appeals,
Tenth Circuit.

July 27, 1979.

Ruth Larson Hatcher, pro se.

M. Carr Ferguson, Asst. Atty. Gen., and Gilbert E. Andrews, Carleton D. Powell, Robert S. Pomerance, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before LEWIS, BARRETT and McKAY, Circuit Judges.

PER CURIAM.

This is an appeal from a tax court decision and judgment determining a deficiency of $190.63 in the petitioner's federal self employment tax liability for the taxable year 1974. In 1974 petitioner earned $2413.00 of self employment income as the director of a childrens art center and as a bookkeeper. She timely filed her income tax return for that year, but failed to report as due, or pay, any self employment tax. Petitioner claims that she is exempt from payment of such taxes because of her personal religious convictions.

Since 1943 petitioner has been a member of either the Wider Quaker Fellowship or The Religious Society of Friends. Neither of these religious groups has duly ordained commissioned or licensed ministers, but

each member of the church is considered a potential minister, ordained by God, for any particular meeting. The groups have no tenets or teachings obliging their adherence to conscientiously oppose acceptance of the benefits of any private or public insurance program such as those established by the Social Security system. Petitioner personally opposes receipt of benefits under the Social Security system because she feels that accepting benefits under the program places a greater faith in the Social Security system than in God. Because of this religious conviction petitioner feels she should be exempt from payment of taxes that support the social security programs. She claims that denial of the requested exemption violates rights guaranteed her by the first and fifth amendments of the Constitution of the United States.

■ Section 1402(e) of the 1954 Internal Revenue Code exempts from those who must pay a tax on self employment income under 26 U.S.C. § 1401,

> an individual who is (A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science Practitioner upon filing an application ... together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance ... (including the benefits of any insurance system established by the Social Security Act), *should receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister, member or practitioner.* (Emphasis added).

Petitioner has stipulated that the income she seeks to exempt from the self employment tax was derived from services as a bookkeeper and director of a childrens art center. Such income does not qualify as income with respect to services performed as a minister, member or practitioner.

Thus, petitioner is precluded from claiming an exemption under § 1402(e). Furthermore, petitioner failed to file the requisite application for the exemption.

■ Section 1402(g) also exempts from the tax on self employment income a person who files an appropriate application and who

> is a member of a recognized religious sect or division thereof and is an adherent of *established tenets or teachings of such sect or division* by reason of which he is conscientiously opposed to acceptance of benefits of any private or public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefit of any insurance system established by the Social Security Act) .... (Emphasis added).

It is stipulated that the religious groups to which petitioner belongs have no established dogma concerning the matters in § 1402(g), but allow their members to make individual decisions as to the propriety of accepting benefits from public or private insurance programs. This stipulation, and the fact that petitioner again failed to file a timely application, precludes her from receiving an exemption under § 1402(g).

■ Petitioner's contention that mandatory participation in the social security program violates the first amendment is without merit. The Supreme Court has established that so long as a congressional act has a secular purpose, has a principal or primary effect that neither advances nor inhibits religion, and does not foster excessive government entanglement with religion it does not violate the establishment clause of the first amendment. *Committee for Public Education v. Nyquist*, 413 U.S. 756, 93 S.Ct. 2955, 37 L.Ed.2d 948. *Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745. The Supreme Court has upheld tax exemptions given to religious organizations so long as the taxing authority adheres to the foregoing principles. *See Walz v. Tax Commission*, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697. The secular

purpose of the self employment tax or the social security program cannot be seriously questioned. Likewise the § 1402(e) and (g) exemptions were enacted merely as a means to accommodate, insofar as compatible with the social security system, individuals who are commanded by their conscience or religious dictates to oppose acceptance of insurance benefits. That the principal purpose of the legislation is not to advance or inhibit religion is evident in the mandate that those who receive the exemption forego the benefit of the program. To further assure that one claiming the exemption does not become a public charge Congress required that the exemption only be given to persons belonging to organizations that make provision for dependent members. In light of the neutral purpose and effect of the challenged provisions and the absence of religious entanglement we see no "establishment of religion" in the § 1402(e) and (g) exemptions.

Clearly petitioner has no allowable exemption from payment of the subject tax and the remainder of her presentations and argument to this court stray beyond the bounds of permissible appellate consideration.

This is not a case where petitioner must abandon a religious practice or risk a criminal sanction. Petitioner is free to decline any public assistance from the social security program. The law which petitioner challenges merely imposes an indirect burden on her that she cannot offset because of her subjective religious beliefs.

Affirmed.