JIMMY D. MANGRUM AND HAZEL R. MANGRUM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mangrum v. Commissioner
Docket No. 29486-81.
United States Tax Court
T.C. Memo 1984-126; 1984 Tax Ct. Memo LEXIS 546; 47 T.C.M. (CCH) 1273; T.C.M. (RIA) 84126; March 14, 1984. Charles E. Craze and Brian Thompson, for the petitioners. Kathleen L. Midian, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in the amount of $577.37 in petitioners' 1979 individual Federal income tax. The sole issue for determination is whether petitioners are liable for self-employment tax under section 1401 [1] with respect to income received for services as an ordained minister. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Jimmy D. Mangrum and Hazel R. Mangrum [2] resided in McCool, Mississippi, *548 when they filed their joint Federal 1979 income tax return and when they filed their petition in this case. Petitioner became an independent, nondenominational ordained minister in 1968. Based on his religious beliefs and principles, petitioner conscientiously objects both to the payment of self-employment taxes and to accepting benefits from the Social Security system. He claims that he is exempt from these taxes because he filed Form 4361 requesting exemption, and in any event application of such tax to him would be unconstitutional. Petitioner did not report any self-employment tax on his 1979 Federal income tax return. Petitioner first applied for exemption from self-employment tax in 1981, by submitting Form 4361, Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders, and Christian Science Practitioners. As stated on Form 4361, the first two years in which petitioner *549 had net earnings from self employment of $400.00 or more, any part of which was derived from his performance of services as a minister, were 1968 and 1970. The Internal Revenue Service informed petitioner in 1981 that his application for exemption was not approved because the application was not timely filed. In his notice of deficiency, respondent determined that petitioner was liable for self-employment taxes under section 1401. Section 1401 provides in relevant part: (a) OLD-AGE, SURVIVORS, AND DISABILITY INSURANCE.--In addition to other taxes, there shall be imposed for each taxable year, on the self-employment income of every individual, a tax * * *. An exception to the general rule is provided in section 1402(e), which states: (e) MINISTERS, MEMBERS OF RELIGIOUS ORDERS, AND CHRISTIAN SCIENCE PRACTITIONERS.-- (1) EXEMPTION.--Any individual who is (A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science practitioner, upon filing an application (in such form and manner, and with such official, as *550 may be prescribed by regulations made under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister, member, or practitioner. Notwithstanding the preceding sentence, an exemption may not be granted to an individual under this subsection if he had filed an effective waiver certificate under this section as it was in effect before its amendment in 1967. The exemption created in section 1402(e)(1) is limited by a timely filing requirement: (2) TIME FOR FILING APPLICATION.--Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates *551 is later: (A) the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5); or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967. Another exemption is contained in section 1402(g), which provides in pertinent part: (g) MEMBERS OF CERTAIN RELIGIOUS FAITHS.-- (1) EXEMPTION.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, *552 medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or *553 division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver. The exemption in section 1402(g) has a more flexible limitation than that in section 1402(e)(2), providing a "second chance" for members of certain religious faiths: (2) TIME FOR FILING APPLICATION.--For purposes of this subsection, an application must be filed on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year for which the individual has self-employment income (determined without regard to this subsection or subsection (c)(6)), except that an application filed after such date but on or before the last day of the third calendar month following the calendar month in which the taxpayer is first notified in writing by the Secretary that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely. *554 Based on the above, we conclude that petitioner's application for exemption was not timely filed pursuant to section 1402(e)(2). The second year in which petitioner had net self-employment income greater than $400.00 was 1970, and petitioner should have filed for exemption with his 1970 tax return. The statute and the regulations clearly establish that the time limitations of section 1402(e)(2) are mandatory and must be strictly complied with. [3] Petitioner was not a member of a religious sect such that he would qualify for exemption under section 1402(g). Respondent was, therefore, justified in denying petitioner's application for exemption. Petitioner also attempts to refute his liability for self-employment tax by attacking the constitutionality of applying to him the provisions of sections 1401 and 1402. However, the constitutionality of the self-employment tax is well established. Cain v. United States,211 F.2d 375 (5th Cir. 1954), cert. denied, 347 U.S. 1013 (1954); Palmer v. Commissioner,52 T.C. 310 (1969). In United States v. Lee,455 U.S. 252, 258-259(1982), *555 the Supreme Court held that FICA taxes did not violate First Amendment rights, finding that the governmental interest "in assuring mandatory and continuous participation in and contribution to the social security system is very high." As the Court stated in Braunfeld v. Brown,366 U.S. 599, 606 (1961): To strike down without the most critical scrutiny, legislation which imposes only an indirect burden on the exercise of religion, i.e., legislation which does not make unlawful the religious practice itself, would radically restrict the operating latitude of the legislature. * * * Following the tests in Lee and Braunfeld, the court in Olsen v. Commissioner,709 F.2d 278, 282 (4th Cir. 1983), affg. a Memorandum Opinion of this Court, found the interference with First Amendment rights occasioned by the self-employment tax "is justified by the government's need both for revenues to support current social security benefits and its need for administrative certainty in determining who are members of the system both for determining revenues and benefits." [4]
*556 Moreover, taxpayers who object to receiving benefits are not forced to take them, since affirmative action is required, including the filing of an application. Palmer v. Commissioner,supra at 313. As noted in Olsen,supra at 282, "[t]axpayers generally are not permitted to avoid payment of a tax when their objections concern the manner in which government revenues are expended." It is well settled that the "second chance" to apply for an exemption from self-employment tax provided for members of certain religious groups in section 1402(g)(2) does not violate the Fifth Amendment due process rights of taxpayers not afforded this second opportunity. Jaggard v. Commissioner,582 F.2d 1189 (8th Cir. 1978), cert. denied, 440 U.S. 913 (1979); Olsen,supra at 283. In Ward v. Commissioner,608 F.2d 599, 602 (5th Cir. 1979), cert. denied, 446 U.S. 918 (1980), it was held that " § 1402(g) does not arbitrarily discriminate against Taxpayer. * * * The singling out of one class for tax exemption is justifiable in light of the Congressional purpose of accommodating *557 the religious beliefs of those people whom they felt sure had firmly based religious convictions." See also, Henson v. Commissioner,66 T.C. 835, 838-839 (1976). Petitioner's tired arguments as to constitutionality are a waste of this Court's resources. This Court has previously considered the constitutional arguments made herein by petitioner, and it is clearly established that the self-employment tax provisions are constitutional as applied to petitioner. Through his own negligence, petitioner failed to timely comply with the requirements for obtaining an exemption from tax. The resulting denial of petitioner's application for exemption was proper and constitutional. The denial did not violate petitioner's First or Fifth Amendment rights. We have considered petitioner's other arguments and find them unpersuasive. In conclusion, we hold that petitioners are liable for self-employment tax under section 1401. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. Petitioner Hazel R. Mangrum is a party to this action only by virtue of having filed a joint tax return with her husband, petitioner Jimmy D. Mangrum. Therefore, "petitioner" in the singular form hereinafter refers to petitioner Jimmy D. Mangrum only.↩
3. Allinson v. Commissioner,T.C. Memo. 1979-405↩.
4. Hatcher v. Commissioner,T.C. Memo. 1978-59, affd. per curiam, 688 F.2d 82 (10th Cir. 1979), cert. denied, 444 U.S. 1084↩ (1980).