PHILIP WALLACE GREGG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gregg v. Commissioner
Docket Nos. 3381-82, 27056-83.
United States Tax Court
T.C. Memo 1985-560; 1985 Tax Ct. Memo LEXIS 70; 50 T.C.M. (CCH) 1406; T.C.M. (RIA) 85560; November 14, 1985. Tom Moser, for the petitioner. Lenore Lambert, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in petitioner's self-employment tax of $414.08 for 1979 and $804.45 for 1980. Petitioner contends that he is exempt from self-employment tax by reason of his membership in the Society of Friends and his personal beliefs and that the limitation on exemption in section 1402(g) [1] is unconstitutional. Respondent seeks damages under section 6673. FINDINGS OF FACT Petitioner was a resident of Venice, California, at the time he filed his petitions herein. He timely filed individual income tax returns for 1979 and 1980 and reported thereon self-employment income. He did not, however, report or pay self-employment tax on that income. *72 Petitioner is a member of the Society of Friends. The Society of Friends is a recognized religious sect or division thereof. The Secretary of Health and Human Services (previously Health, Education and Welfare) (the Secretary) has not, however, made any finding that the Society of Friends meets the requirements for exemption from self-employment tax contained in section 1402(g)(1)(C) or (D). Petitioner is also a member of the American Friends Service Committee in Pasadena, California. On or about January 27, 1977, the Secretary found that the American Friends Service Committee did not meet the requirements of section 1402(g)(1). On July 1, 1976, April 11, 1980, and April 3, 1981, petitioner filed applications for exemption from self-employment tax. None of those applications was approved. Between March 1976 and August 1977, petitioner commenced a series of letters to the Secretary and to the Internal Revenue Service requesting a hearing in which his claim of exemption from self-employment tax could be considered. No such hearing was granted. On November 13, 1979, petitioner filed a petition, docket No. 15794-79 (the 1979 case), contesting respondent's determination that *73 petitioner owed self-employment tax for the years 1975 and 1976. In that petition, he alleged that he was exempt from self-employment tax by reason of his membership in the Society of Friends. The 1979 case was settled on the basis of petitioner's concession, and a decision against petitioner was entered on July 8, 1981. The petitions herein were filed by petitioner appearing pro se on February 16, 1982, and September 19, 1983. Those petitions contained the allegations set forth in the 1979 petition and added claims that sections 1401, 1402, and 1403 were unconstitutional in denying equal protection, freedom of religion, and procedural due process. On various dates commencing October 24, 1984, respondent's counsel advised petitioner that respondent would seek damages of up to $5,000 in these proceedings under section 6673. At all times material hereto, petitioner was aware of case law upholding the constitutionality of section 1402(g) and was familiar with the case of Hatcher v. Commissioner,T.C. Memo. 1978-59, affd. 688 F.2d 82 (10th Cir. 1979), holding that a member of the Society of Friends was not exempt from self-employment tax. Counsel *74 for petitioner first entered his appearance in these cases at the time of trial, June 24, 1985. He had, however, advised petitioner with respect to his claims prior to petitioner's concession of the 1979 case. ULTIMATE FINDINGS OF FACT Petitioner is not exempt from self-employment tax. At all times meterial hereto, he knew that the arguments he asserts had been rejected repeatedly by various courts. OPINION Section 1402(g) grants an exemption from self-employment tax to an individual as follows: (1) Exemption.--Any individualk may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established *75 by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person. and only if the Secretary of Health, Education, and Welfare [now Health and Human Services] finds that -- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living * * *. [Emphasis supplied.] It is undisputed that *76 no such finding has been made by the Secretary. The evidence suggests that no such finding would be made, because the Society of Friends does not, according to respondent's witness and documentary evidence, satisfy the requirements of section 1402(g)(1). Further, petitioner's testimony relies only on his own personal beliefs, supported by various doctrinal materials of the Society of Friends. We do not make findings on these matters, however, because that function is specifically accorded to the Secretary and is more properly made by the Secretary in view of the justification for the exemption, i.e., the establishment by the religious group of adequate substitutes for a Federal social security program. See, e.g., Hatcher v. Commissioner,688 F.2d 82, 84 (10th Cir. 1979), affg. a Memorandum Opinion of this Court; Palmer v. Commissioner,52 T.C. 310, 314 (1969). The constitutionality of the social security system and the exemption in question has been upheld repeatedly and is not genuinely subject to further dispute. Palmer v. Commissioner,supra, and Henson v. Commissioner,66 T.C. 835 (1976), adopted as *77 authoritative in Jaggard v. Commissioner,582 F.2d 1189 (8th Cir. 1978), affg. a Memorandum Opinion of this Court; see Patterson v. Commissioner,740 F.2d 927 (11th Cir. 1984), affg. a Memorandum Opinion of this Court; Hughes v. Commissioner,81 T.C. 683 (1983); Randolph v. Commissioner,74 T.C. 284 (1980); Varga v. United States,467 F.Supp. 1113 (D. Md. 1979), affd. 618 F.2d 106 (4th Cir. 1980); and numerous memorandum opinions of this Court. It has also been held that an individual does not have standing to challenge the constitutionality of the exemption provided by section 1402(g). Ward v. Commissioner,608 F.2d 599, 601 (5th Cir. 1979), affg. a Memorandum Opinion of this Court; Patterson v. Commissioner,supra.
Petitioner has virtually ignored the authority contrary to his position. These cases were not addressed in either his trial memorandum or his post-trial brief. [2] Moreover, even if petitioner were successful in challenging the constitutionality of the exemption, the effect would be to invalidate the exemption and not to secure one *78 for petitioner. Petitioner unsuccessfully attempts to distinguish the case of Hatcher v. Commissioner,T.C. Memo. 1978-59, affd. 688 F.2d 82 (10th Cir. 1979), dealing specifically with a member of the Society of Friends, on the ground that the taxpayer therein had not filed the necessary application. In that case we specifically stated: The petitioner's failure to meet the requirements are not mere technicalities; she has failed to show she comes within the legislative purpose for granting the exemptions. * * * [37 T.C.M. 304 at 307, 47 P-H Memo T.C. par. 78,059 at 78-306.]
*79 In affirming our decision, the Court of Appeals for the Tenth Circuit emphasized the parties' stipulation that the Society of Friends has "no established dogma concerning the matters in sec. 1402(g), but allow their members to make individual decisions as to the propriety of accepting benefits from public or private insurance programs." 688 F.2d at 83. The Court continued: To further assure that one claiming the exemption does not become a public charge Congress required that the exemption only be given to persons belonging to organizations that make provision for dependent members. In light of the neutral purpose and effect of the challenged provisions and the absence of religious entanglement we see no "establishment of religion" in the sec. 1402(e) and (g) exemptions. [688 F.2d at 84.] Petitioner's claim of denial of procedural due process is as lacking in merit as the other constitutional challenges that have been rejected expressly in the cases cited above. He has presented no bona fide or new argument for invalidating the exemption. The facts concerning his claim have not changed since he conceded the 1979 case. His positions are thus *80 properly characterized as frivolous or groundless. See section 6673. Petitioner claims that the concession of the 1979 case should not be used against him in determining the propriety of an award of damages under section 6673. His counsel states that he advised petitioner to concede that case because constitutional issues were not adequately raised in the pleadings. This contention is totally lacking in merit in view of our policy of liberality in allowing the amendment of pleadings, and petitioner's failure to seek to amend. See Rule 41, Tax Court Rules of Practice and Procedure.
Petitioner was repeatedly warned by respondent of the lack of merit in this proceeding. Before, during, and after trial, he was warned by the Court that an award under section 6673 would be considered. Yet he has persisted, without any bona fide showing of any reason why his case is any different than any of the prior cases. The assumed sincerity of petitioner's religious beliefs does not preclude an award of damages under section 6673. Regardless of motive, the imposition on the system resulting from frivolous claims is the reason for section 6673. Greenberg v. Commissioner,73 T.C. 806, 814-816 (1980). *81 See Graves v. Commissioner,T.C. Memo. 1981-154, affd. without published opinion 698 F.2d 1219 (6th Cir. 1982), 82-1 USTC par. 9223, 51 AFTR2d 83-768. Nor does reliance on counsel insulate a party from damages under section 6673.See Larsen v. Commissioner,765 F.2d 939 (9th Cir. 1985), affg. a Memorandum Opinion of this Court; Charczuk v. Commissioner,771 F.2d 471 (10th Cir. 1985); Abrams v. Commissioner,82 T.C. 403 (1984). Moreover, as recently stated by the Court of Appeals for the Seventh Circuit in Lepucki v. Van Wormer,765 F.2d 86, 87 (7th Cir. 1985): Our system of jurisprudence is designed to insure that all disputants with colorable claims have access to the courthouse.Relatively low barriers to entry have, however, generated an undesirable result - a deluge of frivolous or vexatious claims filed by the uninformed, the misinformed, and the unscrupulous. These claims clog court dockets and threaten to undermine the ability of the judiciary to efficiently administer the press of cases properly before it. Perhaps the greatest safeguard against this danger is the integrity *82 and good sense of practicing lawyers who, as officers of the court, have both an ethical and a legal duty to screen the claims of their clients for factual veracity and legal sufficiency. Model Rule of Professional Conduct 3.1 (1983); Fed.R.Civ.P.11. Lawyers have a unique opportunity to counsel restraint or recklessness, to craft imaginative arguments or to press empty challenges to well-settled principles. * * * Where counsel does not properly perform this function, other deterrents must be found. Congress has provided one in section 6673. Giving due consideration to all of the facts and circumstances, including the amount of the deficiencies in these cases, we award damages to the United States of $320 in docket No. 3381-82 and $640 in docket No. 27056-83. Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. Although petitioner sought an extension of time to file his post-trial brief on the ground that he had not received a transcript, which he had not timely ordered, there is no excuse for his failure to deal with the pertinent legal authority. He cites only inapplicable California law, without any persuasive analogy, in support of his contention that petitioner has been denied procedural due process. Respondent's brief similarly leaves a great deal to be desired. Neither party, for example, bothered to cite to the Court appellate affirmance of the cases that they did mention in their briefs.↩