# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2012

No. 11-20789
Summary Calendar

Lyle W. Cayce
Clerk

RUSSELL W. HAMNER,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 4:11-cv-02577

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In this case, Plaintiff-Appellant Russell Hamner appeals the district court's dismissal of his action for failure to state a claim. Hamner alleges that the Social Security Act violates the Establishment and Free Exercise Clauses of the First Amendment.

This is the second lawsuit that Hamner has brought alleging that the Social Security Act violates the First Amendment. His previous lawsuit was

---

[*] Pursuant to FIFTH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in FIFTH CIR. R. 47.5.4.

No. 11-20789

dismissed without prejudice for failure to state a claim. *See Hamner v. United States*, 396 F. App'x 156 (5th Cir. 2010) (unpublished). In this second suit, Hamner brings similarly frivolous claims. Hamner argues that Social Security is a "charity" program, and that payment of Social Security taxes, as well as the subsequent administration of the Social Security program, either interferes with his exercise of Christian charity or forces him to participate in a Christian charity.[1]

First, it is well-accepted that the collection of taxes under the Social Security Act does not violate the Free Exercise Clause. *See United States v. Lee*, 455 U.S. 252, 257–61 (1982) (holding that payment of Social Security taxes does not violate the Free Exercise Clause); *Droz v. C.I.R.*, 48 F.3d 1120, 1122–24 (9th Cir. 1995) (same); *Bethel Baptist Church v. United States*, 822 F.2d 1334, 1338–40 (3d Cir. 1987) (same). Hamner fails to present any credible argument explaining how the administration of the Social Security system interferes with his exercise of religion and this claim is largely repetitive of the one we already rejected in his previous lawsuit. *See Hamner*, 396 F. App'x at 157.

Second, Hamner claims that the Social Security Act establishes religion in violation of the Establishment Clause. A "statute violates the Establishment Clause if (1) it does not have a secular purpose, (2) its principal or primary effect advances or inhibits religion, or (3) it creates excessive government entanglement with religion." *Croft v. Perry*, 624 F.3d 157, 166 (5th Cir. 2010) (citing *Lemon v. Kurtzman*, 403 U.S. 602, 612–13 (1971)). Beyond claiming that charity is solely a Christian activity, Hamner does not allege any relationship

---

[1] The government argues that Hamner lacks taxpayer standing under *Flast v. Cohen*, 392 U.S. 83 (1968), based on Hamner's arguments on appeal. We acknowledge the force of the position that either Hamner is a taxpayer arguing that his taxes are being spent on "benefits" in violation of the Establishment Clause, or Hamner lacks the standing to sue in federal court, yet because Hamner is proceeding *pro se* and offers a confused explanation of how this second lawsuit is different from his first, we choose to consider the merits of Hamner's claims.

No. 11-20789

between the Social Security program and religion, and he does not dispute that the program has a valid secular purpose.  Similarly, other courts that have considered the issue have found that the Social Security program does not run afoul of the Establishment Clause.  *See, e.g.*, *Droz*, 48 F.3d at 1124–25 (stating that the Social Security program neither advances nor prohibits religion, does not excessively entangle the government with religion, and has a valid secular purpose); *Bethel Baptist Church*, 822 F.2d at 1340–41 (same); *Ballinger v. C.I.R.*, 728 F.2d 1287, 1292 (10th Cir. 1984) (same); *Hatcher v. C.I.R.*, 688 F.2d 82, 83–84) (10th Cir. 1979) (same); *Jaggard v. C.I.R.*, 582 F.2d 1189, 1190 (8th Cir. 1978) (per curiam) (same).  Finding this logic persuasive to uphold the constitutionality of the Social Security program and any taxes used to fund its purpose, we reject Hamner's challenge to the Social Security Act under the Establishment Clause.

Because this lawsuit repeats claims that we already rejected and otherwise lacks merit, we AFFIRM the judgment of the district court.